NEIL *vs.* ABEL & ANNAS.

Where a cause was tried in a justice's court, and the justice at the request of the jury, after they had retired to consider of their verdict, gave them, without the consent of the parties,

New-York, May, 1840.—Neil v. Abel.

his minutes of the trial, the common pleas on *certiorari*, reversed the judgment rendered on the verdict of the jury, and this court, on *writ of error*, affirmed the judgment of the common pleas.

ERROR from the Tompkins common pleas. *Neil* sued *Abel & Annas*, before a justice, upon contract, and on a trial by jury, recovered $25, and costs. On *certiorari*, from the common pleas, the justice returned, among other things, *that after the jury had retired under     [ *186 ] the charge of a constable, to deliberate on their verdict, and had been out some time, the constable attending them came to him and requested that the jury might have the minutes of the trial which had been kept by him, (the justice,) saying it was the request of the jury, whereupon the justice, without consulting the parties, handed his minutes to the constable. About five minutes afterwards, the plaintiff's counsel asked the justice if the · jury had the minutes, and the justice thereupon related to the counsel of both parties what had been done. The counsel answered, that it was improper to give the minutes to the jury, without the consent of the parties. The justice thereupon immediately went to the door of the jury room and demanded of the constable the minutes, which were immediately handed to him. The justice did not go into the room, nor speak to the jury. The jury afterwards rendered their verdict for the plaintiff. The common pleas reversed the judgment on the *sole* ground " that the justice improperly permitted the jury to have the use of his minutes." The plaintiff now brings error.

*S. Crittenden, Jr.* for plaintiff in error.

*H. D. Barto*, for defendant in error.

*By the Court*, BRONSON, J.   It has always been the policy of the law to watch over the deliberations of the jury with great care, and scrupulously to guard them against any extraneous influences. Many of the cases on this subject are collected in *Trials per pais*, 247, *ch.* 12, *Co. Litt.* 227, (*b*) and *Cowen's Treatise*, 541, 543.

In general, the jurors cannot take with them, when they retire to deliberate, any thing but records and sealed instruments, without the consent of parties. But if they take an unsealed paper without reading it, that will not avoid the verdict. *Hacklie* v. *Hastie*, 3 *Johns. R.* 252. The fact that the paper taken by the jury in that case was not read, was proved by the oaths of three of the jurors. Had *it not been proved,   [ *187 ] the verdict would, I think, have been set aside.

The justice gave the jury his minutes or notes of the trial, and the case is much like those in which the jurors have re-examined a witness, or conferred with the justice in relation to the evidence, or some other matter, after they

had retired to consider of their verdict. In *Metcalfe* v. *Deane, Cro. Eliz.* 189, after the jurors had gone from the bar they called one of the witnesses sworn on the trial, who "recited again his evidence to them," and it was held that the verdict was not good. *Buller* says, if they examine witnesses by themselves, though the same evidence that was given in court, it will avoid the verdict; but they may come back into court to hear the evidence of a thing whereof they are in doubt. *Bull. N. P.* 308, *ed. of* 1806. In *Bunn* v. *Croul,* 10 *Johns. R.* 239, the jury, while deliberating, requested the justice to inform them whether a particular point of evidence had been given; the justice answered that it had been given, and mentioned the witness who had testified to the fact. This was held a sufficient ground for reversing the judgment. The court said, the allowance of such a practice would be dangerous to the rights of parties. The recollection of the justice might not be accurate as to what the witness had said—the testimony might be misstated, when, if the parties were present, or the witnesses again called to repeat their testimony, any mistake might be corrected. These remarks apply with equal force to the minutes of testimony kept by the justice, which are usually very imperfect. In *Taylor* v. *Botsford,* 13 *Johns. R.* 487, the judgment was reversed, because the justice went into the jury room to answer certain questions proposed to him by the jury, without being accompanied by the parties; and it was held not enough that the plaintiff in error knew the justice was going in, and made no objection.

There is no room in this case for referring the consent of the parties to the delivery of the minutes to the jury. And besides, in *Taylor* v. *Botsford,* it was said by the court, that the consent ought not to be matter of inference; it *ought to appear affirmatively, that it was done with the consent of parties.

[ *188 ]

The common pleas were right in holding this to be a fatal error.

Judgment affirmed.