WILTSIE & GALLUP, executors of WILTSIE, *vs.* BEARDSLEY & BAIRD, executors of BEARDSLEY.

In a suit by executors against executors, counts on promises made by defendants' testator to plaintiffs' testator are improperly joined with a count averring that defendants, " as such executors," made their promissory note to one B. who indorsed the same to plaintiffs " as such executors," whereby the defendants " as such executors as aforesaid became liable to pay to the said plaintiffs as such executors as aforesaid."

Such counts are incongruous both as to plaintiffs and defendants ; and on demurrer to the declaration, *held*, that defendants were entitled to judgment with costs, as plaintiffs did not necessarily sue on the note to B. as executors. (2 R. S., 2nd ed., 615, §§ 17, 18.)

THE first and second counts are on promises alleged to have been made by the defendants, as executors, to the plaintiffs, as executors, and founded on the legal liability of the defendants' testator to the testator of the plaintiffs.

The third count alleges that the defendants as such executors, made a promissory note, payable to one Beecher or bearer, and which he afterwards assigned and delivered to the plaintiffs as such executors, whereby the defendants as executors became liable to pay the same to the plaintiffs as such executors, and in consideration thereof promised to pay the same to them as such executors. Demurrer and joinder.

*A. & J. Parker,* for defendants.

1. Promises to the plaintiffs personally and promises to Daniel Wiltsie deceased on different causes of action are united in the different counts of the declaration and the proceeds of both notes if recovered would not be assets in plaintiffs' hands. (*Christopher*, adm., v. *Stockholm*, 5 Wend., 36 ; *Palmer*, extr., v. *Palmer*, 5 Wend., 91.) The case of *Fry* v. *Evans*, 8 Wend., 530, does not establish a different rule. There, although the money was received by defendant after the death of the intestate, it was on a debt due to the in-

testate at the time of his death and would have been assets. In this case the avails of the note of which Beecher was the payee would not be assets. The declaration alleges it was bought by plaintiffs after the death of the testator. Plaintiffs were accountable to the estate for the money with which they bought the note; the purchase was their own speculation. In fact we suppose the note was never bought. The plaintiffs' attorney owning the note puts it into the declaration with his clients' note.

2. The declaration is also bad for misjoinder, because a count on a cause of action arising after the death of John F. Beardsley deceased is united with counts on causes of action arising in the life time of said John F. Beardsley deceased. The case of *Reynolds* v. *Reynolds*, administrator, 3 Wend., 244, is precisely in point. There is here no averment that the consideration for which the note was given to Beecher by defendants was for a debt due by John F. Beardsley deceased. See 2 Hill, 210; 1 H. Black., 102; 2 Bos. & Pul., 424; 4 T. Rep., 347; 8 Johns., 440; 12 id., 349; 7 Cowen, 58; 2 Saund., 117, c; 1 Ch. Pl., 205; 8 Wend., 530. In this case different judgments would be necessary. On the note first counted on the judgment would be *de bonis testatoris,* and on the note last counted on *de bonis propriis.* The case of *Gillett* v. *Hutchinson,* administrator, 24 Wend., 184, is in point.

3. The demurrer is special, and it is not set forth in said declaration *where* said Daniel Wiltsie died; nor whether the letters testamentary were issued in this state, nor by whom said letters were granted. It should be set forth that the letters were granted in this state and by a surrogate who under the revised statutes has jurisdiction.

4. If the defendants are entitled to judgment on the demurrer, they should also recover their costs from the plaintiffs; having declared on one note on which they should have sued in their own names, they are liable to pay costs, and are not protected as executors. (*Palmer,* exr. v. *Palmer,* 5 Wend., 91; *Tilton* v. *Williams,* 11 Johns., 403; 4 T. R., 277; *Mercein* v. *Smith,* admr., 2 Hill, 210; 4 Cowen, 87; 3 Hill, 441.

We suppose the only question that will be made on the part of the plaintiff is, whether the defendants are entitled to costs against the plaintiffs. It was decided in 12 Johns., 289, and 2 id., 377, that when judgment on *demurrer* was rendered against the plaintiffs they must pay costs. In addition to the cases above cited we refer to 9 Wend., 425; 18 id., 635. Here the suit was *unnecessarily* brought on the second note in the names of the plaintiffs as executors, and judgment goes against plaintiffs on account of the misjoinder of a demand that ought to have been made in the names of plaintiffs individually; certainly the defendant ought to have judgment for costs. It is a case where if judgment was for plaintiffs they would recover costs, because on the second note defendants should have been sued individually and not as executors.

*A. Beecher*, for plaintiffs, cited 9 Wend., 247; 4 Cowen, 549; 7 Wend., 528; 5 Cowen, 350.

*By the Court*, BEARDSLEY, J. Here is a misjoinder of counts on two grounds.

1. The counts are incongruous as causes of action *in favor of the plaintiffs*. The first two counts are on legal liabilities to the plaintiffs' testator in his life time, and which must necessarily be prosecuted in the name of his executors. Executors may also sue in the same character upon promises made to themselves in their representative capacity, touching the assets of the deceased in their hands, as where they sell goods or lend money which they held as executors. Counts, of both descriptions may be joined in the same declaration, for the recovery will be assets in the hands of the executors. (1 Ch. Pl. 8th ed., 20; 2 Vol., 103; *Cowell* v. *Watts*, 6 East, 405; *Fry* v. *Evans*, 8 Wend., 530.)

But the third count is on a cause of action existing in favor of the plaintiffs individually and not otherwise. It is true there is an averment that the note was assigned and delivered to the plaintiffs as executors, but it is not alleged that this was upon any cause or consideration having respect to their rights or duty as executors. Upon the face of this

count the plaintiffs can bring suit as individuals, but it discloses no right of action in their favor as executors. (*Christopher* v. *Stockholm*, 15 Wend., 36 ; *Palmer* v. *Palmer*, ib., 91.)

2. The defendants are sued on causes of action incongruous *as to them.* On the first two counts they are liable, if at all, as executors, and the judgment would be *de bonis testatoris.* But the note, in the third count was given by the defendants after the decease of their testator, and is their own personal contract. It is not alleged to have been made for any debt due from the defendants' testator in his life time, or upon any cause or consideration having reference to their representative character. It was their personal obligation, and judgment upon it would be *de bonis propriis.* (*Reynolds* v. *Reynolds*, 3 Wend., 245 ; *Demott* v. *Field*, 8 Cow., 58 ; *Gillet* v. *Hutchinson*, 24 Wend., 184.)

The defendants are entitled to judgment with costs against the plaintiffs. They are undoubtedly liable to costs, as they did not *necessarily* sue on the note to Becker as executors. (2 R. S., 615, §§ 17, 18 ; *Vanorden* v. *Reynolds*, 18 Wend., 635.) Nor indeed, could they sue at all, on the note in that character. But the plaintiffs may amend on the usual terms.

Ordered accordingly.