# McCafferty, Appellant, *v.* Crew.

*Costs under act of March* 20, 1810—*Affidavit—Assumpsit—Practice, C. P.*

A special count in a declaration upon the promises of defendants to use due care and diligence in the use of an alley, and to pay plaintiff for any loss or damage to any of his property " by reason of the said defendants taking, rolling, fetching, carrying and drawing the said barrels of oil over and along the said alley, whenever they, the said defendants, should be thereunto afterwards requested," is strictly in assumpsit, and comes within the act of March 20, 1810, P. L. 161, which deprives plaintiff of costs where the judgment is for less than one hundred dollars and plaintiff has failed to file an affidavit that he believed the debt or damages sustained exceeded one hundred dollars.

Argued Jan. 12, 1893. Appeal, No. 121, July T., 1892, by plaintiff, Ellen E. McCafferty, from order of C. P. No. 4, Phila. Co., March T., 1886, No. 652, making absolute rule to enter judgment on verdict without costs. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for use of plaintiff's yard and alley, by defendants, in removing barrels of oil and machinery, defendants agreeing to pay to plaintiff compensation for use of same, and also to pay any damage caused by such use.

The plaintiff filed the common counts, also a special count, as follows : " The said defendants undertook and faithfully promised the said plaintiff, to pay to said plaintiff for any loss or damage to any of her property by reason of the said defendants and other persons taking, rolling, fetching, carrying and drawing the barrels of oil over and along the aforesaid alley, etc."

The plaintiff obtained a verdict for $113. The case was appealed by defendants (124 Pa. 200), and the lower court reversed. A new trial resulted in a verdict for plaintiff for $20.00. Defendants then entered a rule to show cause why judgment should not be entered on the verdict without costs, which rule the court made absolute.

*Error assigned* was above order.

*H. W. Gimber*, for appellant, cited Lukens v. Ferguson, 21 W. N. 271 ; Zell v. Arnold, 2 P. & W. 292 ; Sadler v. Slobaugh, 3 S. & R. 388.

*Theo. F. Jenkins*, for appellees, cited Hoops v. Crowley, 12 S. & R. 219 ; Rogers v. Ratcliffe, 23 Pa. 184 ; Hall's Ex. v. Ard's Exrs., 48 Pa. 22 ; Barry v. Mervine, 4 Pa. 330 ; Winemiller v. Myers, 1 Bro., Pa. 331 ; Masteller v. Trimbly, 6 Bin. 33.

PER CURIAM, January 23, 1893 :

The plaintiff's litigation in this case has been unprofitable. After not less than two trials in the court below, and two here, she has a verdict for twenty dollars, which it was stated at bar was less than she had been offered before she commenced her five years of litigation. The learned court below entered

judgment on the verdict without costs, and the only question before us now is whether she is entitled to costs.

The act of March 20, 1810, P. L. 33, provides: "That if any person sue for any debt, except before a justice of the peace, and shall obtain a verdict thereon, which without costs of suit would not amount to more than one hundred dollars, not having, before issuing the writ, filed an affidavit that he did truly believe the debt or damages sustained exceeded the sum of one hundred dollars, he shall not recover costs in such suit."

The appellant alleges that the act referred to does not apply to this case, for the reason that the damages were unliquidated, and that the case was not within the jurisdiction of a justice of the peace. It may be conceded that if it were an action on the case for a tort, and the claim for unliquidated damages, it would not be within the jurisdiction of a justice, and the affidavit referred to would not be necessary. The declaration contains the common counts in assumpsit, and the plaintiff concedes that had the recovery been upon these, an affidavit would have been necessary to carry costs. She relies, however, upon the special count. A careful examination of this count shows that it is strictly in assumpsit upon the promise to use due care and diligence in the use of her alley or passage-way, and to pay her for any loss or damage to any of her property "by reason of the said defendants and other persons taking, rolling, fetching, carrying and drawing the said barrels of oil over and along the aforesaid alley whenever they, the said defendants, should be thereunto afterwards requested."

We are of opinion that the case comes clearly within the act of 1810, and as there was no affidavit filed, as required by that act, the judge below was right in entering judgment on the verdict without costs.

Judgment affirmed.