# G. Leiper Green v. William H. Patterson, Appellant.

*Actions ex contractu—Stipulation against a tort.*

A contract may stipulate against the commission of a tort and upon its breach an action ex contractu lies.

*Costs—Claims under $100—Form of action—Substance of claim.*

The right of exemption from costs under the statute cannot be defeated by plaintiff's erroneous proceedings, whether intentional or by mistake. The important question is not the form of action, but the nature of the plaintiff's demand.

*Jurisdiction—Practice, C. P.—Costs—Verdict under $100.*

Plaintiff cannot recover costs where the verdict was less than $100, he having failed to file the affidavit required by the act of 1810.

Where although the writ was in trespass, the statement was in assumpsit and the plea not guilty, it appearing that the nature of action was clearly in assumpsit, the irregularity of the writ and pleadings was cured by the verdict, and the verdict being below $100 the plaintiff's right to recover costs falls, he having failed to file the requisite affidavit.

Argued Nov. 18, 1896.    Appeal, No. 74, March T., 1896, by defendant, from order of C. P., Delaware Co., June T., 1895, No. 78, refusing to make absolute the rule taken by defendant

to show cause why judgment should not be entered on the verdict without costs. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass for injuries done to land.

The form of the writ was trespass. The nature of the statement was, in substance, assumpsit alleging breach of conditions and covenants under a lease. The plea was not guilty. No affidavit was filed under the act of March 20, 1810, that plaintiff did truly believe the debt due or damages sustained, exceeded the sum of $100. The verdict was for the plaintiff in the sum of $45. The defendant took a rule to show cause why judgment should not be entered upon the verdict without costs, which rule was discharged by the court. Defendant appealed.

*Errors assigned* were, (1, 2) in not making absolute the rule for judgment upon verdict without costs.

*George T. Butler*, with him *V. Gilpin Robinson*, for appellants. — The action practically being assumpsit, the affidavit required by the act of March 20, 1810, 5 Sm. L. 172, was a condition precedent to the recovery of costs by plaintiff, the verdict being for less than $100. The form of writ and the name of the action is immaterial. It could have been amended if necessary : Com. v. Press Co., 156 Pa. 516.

There have been several cases decided which have sustained the appellant, entering a verdict without costs : McCahan v. Hirst, 7 Watts, 175 ; Todd v. Figley, 7 Watts, 542 ; Shannon v. Madden, 1 Phila. 254 ; Sharpless v. Hibberd, 2 Lan. L. R. 68 ; McCafferty v. Crew, 153 Pa. 311.

*Horace P. Green*, with him *George E. Darlington*, for appellee.—This was an action of trespass for damages for injuries deducible from the failure of the defendant to carry out the terms and stipulations of the lease of a farm, and also for damages to real estate mentioned in the lease. The award of the arbitrators was $323.66. This fact is called to the attention of the court merely for the purpose of showing that the plaintiff had good reason for believing that his damages exceeded $100 :

See Clark v. McKisson, 6 S. & R. 86; Moyer v. Illig, 52 Pa. 444; Richards v. Gage, 1 Ashmead, 192; Hancock v. Barton, 1 S. & R. 269; Stewart v. Hughes, 1 Del. Co. Rep. 143.

It has been decided that the act of 1814 giving jurisdiction to the justices of the peace simply gives them concurrent jurisdiction with the court of common pleas, and that even if the amount of damages had been less than $100, the verdict would entitle the plaintiff to full costs : Rickabaugh v. Beck, 2 Kulp, 139.

Even in actions of assumpsit when the sum claimed is for unliquidated damages, the plaintiff is entitled to full costs, although the verdict be for a sum less than $100, and no affidavit having been filed: See Lukens v. Ferguson, 21 W. N. C. 271; O'Neill v. McVickar, 21 W. N. C. 496.

Opinion by Smith, J., January 18, 1897:

The act of March 20, 1810, 5 Sm. L. 172, provides (1) That justices of the peace "shall have jurisdiction of all causes of action arising from contract, either express or implied, (with exceptions not material here) in all cases where the sum demanded is not above one hundred dollars;" (2) That if an action be brought "for any debt or debts, demand or demands, made cognizable as aforesaid," and a verdict or judgment be obtained not exceeding, exclusive of costs, one hundred dollars, without an affidavit filed before issue of the writ, that the affiant "did truly believe the debt due or damages sustained exceeded the sum of one hundred dollars," no costs shall be recovered.

Whether the plaintiff's demand was within the jurisdiction given to justices by this statute, and therefore subject to the provision requiring an affidavit, is to be tested by the cause of action set forth in the statement, without regard to the form of action selected by the plaintiff: Seitzinger v. Steinberger, 12 Pa. 379.   The statement avers the execution of a lease by the parties, and that the defendant "has not fulfilled the stipulations of said agreement or lease on his part to be performed, in this, to-wit," with specifications of default, "and further, that the defendant has done or caused to be done those things which it was understood and agreed should not be done, by the terms and stipulations of said agreement or lease and according to

the true intent and meaning thereof, in that he," did certain acts "contrary to and in violation of the terms and stipulations and the true intent and meaning of the said agreement or lease, and has otherwise violated the terms, stipulations and conditions of said agreement or lease."

This is, unquestionably, a declaration in assumpsit. Every wrong complained of is laid as a violation of some provision of an express contract. It is equally beyond question that a justice has jurisdiction, under the act of 1810, of an action for such violations, if the demand be not above one hundred dollars. The action not having been brought in the manner directed by the statute, the affidavit required by the act not having been filed, and the verdict, without costs, not amounting to more than one hundred dollars, it follows that no costs can be recovered. It avails nothing that the plaintiff, as contended in the appellee's argument, "had good reason to believe that his damages exceeded the sum of one hundred dollars." If he "did truly believe" this, he should have filed the oath or affirmation which is made a condition to the recovery of costs, on suit in the common pleas, upon a verdict not exceeding one hundred dollars. His reasons may have furnished ground for an affidavit of such belief; but they form no ground for judgment with costs in the absence of such affidavit.

The theory that the decision in Zell v. Arnold, 2 P. & W. 292, rules this case in favor of the plaintiff is untenable. That case was not founded on a contract, though growing out of an implied undertaking. The demand there was based on a collateral duty, the breach of which amounted to a personal tort apart from the contract, and therefore not within the provisions of the act of 1810. It was substantially a misfeasance, a trespass or wrong, bearing no necessary or actual relation to a contract, express or implied, in the sense in which those terms are used in the statute. Contracts within the act of 1810 are such as arise from an agreement or understanding immediately between the parties: Schaffer v. McNamee, 13 S. & R. 44; Zeigler v. Gram, 13 S. & R. 102.

But demands based on nonfeasance,—the nonperformance of a duty through neglect,—are within a justice's jurisdiction; and it is upon this distinction, between nonfeasance and misfeasance, that Zell v. Arnold is said to have been reconciled

with the later cases, on the point in question : McCahan v. Hirst, 7 Watts, 175 ; Livingston v. Cox, 6 Pa. 360 ; Seitzinger v. Steinberger, 12 Pa. 379 ; Conn v. Stumm, 31 Pa. 14.

While some of the acts declared on might be regarded as torts, it is not to be doubted that they may also be stipulated against by express contract. For centuries, in England, express covenants against the commission of trespasses have been enforced, even where the trespass, such as poaching, was also a crime under the law. On a demise, covenants against waste and restrictions upon the use of the premises, similar to those in this case, are in common use, and are entirely proper. It is not material that some of the violations complained of may be of a tortious character. A contract may stipulate against the commission of tortious acts, and upon its breach an action ex contractu lies : McCafferty v. Crew, 153 Pa. 311. In the lease of a farm there is an implied covenant for its use in accordance with good husbandry, and a justice has jurisdiction of an action for a breach of this : Lewis v. Jones, 17 Pa. 262.

It is further contended, on the part of the appellee, that the action is in trespass, in which no affidavit is required to entitle the plaintiff to costs ; that the wrongs complained of arose in part from torts, in cutting and damaging valuable timber, breaking up more than one sod-field, neglecting to use the premises in accordance with good husbandry, etc. The important question is not the form of action, but the nature of the plaintiff's demand. The right of exemption from costs under the statute cannot be defeated by the plaintiff's erroneous proceedings, whether intentional or by mistake. Furthermore, this contention, if successful, would defeat the plaintiff. There can be no joinder of a cause of action arising ex delicto with a cause of action arising ex contractu. Such a joinder is fatal on demurrer, in arrest of judgment, or on error : Gould on Pleading, IV. 97 ; Seip v. Drach, 14 Pa. 352. The distinction between assumpsit and trespass, so far from being obliterated by the procedure act of 1887, is expressly preserved. The declaration, however, shows no such joinder; it sets forth only a contract, and its violation in certain particulars.

The proceedings in the case were marked by some irregularities. The writ is in trespass, the declaration is in assumpsit, and the plea is "not guilty" Regularly, the declaration

was an abandonment of the cause of action stated in the summons, which would abate the writ: Gould on Pleading, IV. 51. The plea, though adapted to the form of action, tendered only an informal issue; the defendant appears to the writ, but pleads to or answers the declaration. All irregularities, however, were waived by the parties, the cause was tried on the averments in the declaration, and the informal issue is aided by the verdict; Ibid, X. 14.

The order discharging the rule for judgment without costs is reversed, and it is now ordered that judgment be entered for the plaintiff on the verdict, without costs.