WILLIAM H. BECK, administrator of Raymond G. Beck, *vs.* BETH-LEHEM LOADING COMPANY, a corporation of the State of Delaware.

1.  PLEADING—DUPLICITY OF COUNTS.
In action for death of plaintiff's intestate due to alleged negligence of operator of automobile in approaching intersection of roads, counts charging negligence *held* not demurrable on the ground of duplicity in view of rule that mere diversity of facts set up in a count will not render it double when all the facts taken together tend to the statement of one point or ground of recovery.

2.  PLEADING—SPECIAL TRAVERSE NOT AVAILABLE FOR NEW MATTER.
Demurrer to special traverse will be sustained, where it does not clearly appear why the matter set up in the inducement cannot be shown or proven under a common traverse, the modern practice being to discourage the use of special traverse where the new matter alleged may be shown under the general issue.

(*November* 25, 1919.)

BOYCE and RICE, J. J., sitting.

*Francis deH. Janvier* for plaintiff.

*Herbert H. Ward, Jr.* (of *Ward, Gray and Neary*), for defendant.

Superior Court for New Castle County, November Term, 1919.

CASE No. 148, September Term, 1919.

Action by William H. Beck, administrator, against Bethlehem Loading Company to recover damages for the death of plaintiff's

intestate.   On demurrer to the fourth and fifth counts of the declaration, on the ground of duplicity; and on demurrer to the special traverse to the first, second, third and sixth counts.   Demurrer to the declaration overruled; demurrer to the special traverse sustained.

The negligence averred in the fourth count is:

"That the said driver of said motor car approached said intersection of said roads with said motor car at a high rate of speed, with the side curtains on the left or west side of said car buttoned down and in place so as to obstruct the view to the west and without informing himself whether any other vehicle was then approaching or about to cross said intersection of said roads."

The allegation of negligence in the fifth count is:

"That the said driver of said motor car approached said intersection of said roads with said motor car at a high rate of speed without ascertaining whether any other vehicle was then approaching or about to cross said intersection of said roads and without giving proper warning signal, by horn or otherwise, of his approach."

It is averred in the declaration, in substance, that the defendant being a corporation of the State of Delaware, was engaged in the business of operating a factory, shop or plant for the manufacture, production and loading of munitions of war, in, etc.; that in connection with said business, and in furtherance thereof, said defendant operated a certain large, gasoline motor car or automobile for the conveyance of said passengers; that said defendant, while engaged in the operation of its business as aforesaid, to wit, at, etc., on, etc., by its servant and agent, so negligently and carelessly operated said motor car or automobile, in manner and form as the above-said mentioned counts allege, etc.

It is averred, in substance, in the inducement in the special traverse, as to the first, second, third and sixth counts of the plaintiff's declaration, that the defendant was engaged in the business of operating a factory, shop or plant for the manufacture, production and loading of munitions of war, in, etc., as agent for the United States Government, and that in connection with said business, and in furtherance thereof, the defendant, as agent for the United States Government, operated a certain large, gasoline motor car or automobile, and that said automobile referred to in the said

above-mentioned counts as being operated by said defendant, was at the time of the occurence set forth in said counts, the property of the United States Government, and that the driver of said automobile which automobile was referred to in the above-mentioned counts as being operated by said defendant, was the agent of the United States Government.

The denial in the special traverse pursued the words, in substance, of the allegations in said counts traversed.

*Per Curiam*: [1]  The facts grouped together in the two counts above recited seem to come within the principles of pleading recognized in *Mullin v. Blumenthal & Co.*, 1 *Pennewill* 476, 42 *Atl.* 175, wherein it was held that mere diversity of facts set up in a count will not render it double, when all the facts together tend to the statement of one point or ground of recovery.  It is the opinion of the Court that the demurrer to the said two counts in the declaration should be overruled.

[2]  The demurrer to the special traverse is sustained, for the reason that it does not clearly appear why the matter set up in the inducement cannot be shown or proved under a common traverse. The modern practice is to discourage the use of special traverse where the new matter alleged may be shown under the general issue.