THE STATE OF DELAWARE, for the use of CHARLES C. HARLEY, *vs.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a corporation of the State of Maryland.

PLEADING—CAUSES OF ACTION ON TWO BONDS TO BE SET OUT IN DIFFERENT COUNTS.

While several causes of action of the same nature may be joined in one suit and in one declaration, they must be set out in different counts, and a demurrer was properly sustained to a declaration, where plaintiff declared in one count on two bonds conditioned for payment of labor, etc., performed in construction of different sections of a state highway under independent contracts.

(*November* 18, 1921.)

RICE and HARRINGTON, J. J., sitting.

*P. Warren Green* for plaintiff,

*Herbert H. Ward* (of Ward, Gray & Neary), for defendant.

Superior Court for New Castle County, November Term, 1921.

SUMMONS DEBT, No. 110, January Term, 1921.

The plaintiff declared in one count on two bonds given by the defendant as surety for Kaufman and Garcy to the State of Delaware. The conditions of both bonds are set out in the declaration. It appears that one is conditioned for the payment of all

the labor, etc., performed for Kaufman and Garcy in constructing *Section* 6 of a state highway in Sussex County under a contract of a specified date with the State Highway Department. The other contains the same conditions except that it refers to *Section* 7 of the same highway and to a contract with the Highway Department of a different date. The plaintiff sues for labor performed for Kaufman and Garcy in the construction of said highway.

One of the questions raised by the demurrer was as to whether the declaration was bad for duplicity.

HARRINGTON, J., delivering the opinion of the Court:

Whatever the rule might be, if the suit were against Kaufman and Garcy, it is against the surety on the bonds declared on. A most casual reading of the declaration shows that such bonds were separate and distinct contracts of the defendant, forming the basis of separate and distinct causes of action against it. It is an elementary rule in pleading that while several causes of action of the same nature may ordinarily be joined in one suit and in one declaration, they must be set out in different counts. The proposition is clearly stated in *Handy v. Chatfield*, 23 *Wend.* (*N. Y.*), 284, star p. 35. In this case the Court said:

"The plaintiffs have, in a single count, set out two distinct contracts and alleged a breach which goes to both. Although both of the covenants relate to nearly the same subject matter, and the plaintiffs have attempted to treat them as though they constituted but a single contract, it is impossible to deny that the count is framed upon two several deeds, and the claim is to recover damages for the breach of both of the contracts. Profert is properly made of both deeds; and it is clear that the defendants might plead non est factum to each of them; and there may be other grounds of defense as to one of the covenants, which do not exist in relation to the other.

"There is no precedent for this mode of declaring, and it would be likely to prove highly inconvenient in practice. Where the plaintiff has several distinct causes of action, of the same nature, he is allowed to insert several counts in his writ and declaration, for the very reason that the pleading would be bad for duplicity if they were all inserted in one count."

See, also, *Chitty's Pl. vol.* 1, *pp.* 200, 201, *etc.;* 5 *Ency, Pl. & Pr.* 308; *Woolley. Del. Prac.* §§ 342, 343, 345; *Hoagland v. Hannibal, etc., R. Co.*, 39 *Mo.* 451; *Barnes v. Stevens*, 62 *Ind.* 226.

This conclusion does not affect the rule repeatedly laid down in this state that the allegation of several facts in one count, all tending to show one cause of action, does not make the count double. *Beck v. Bethlehem Loading Co.*, 7 *Boyce*, (*Del.*) 470, 108 *Atl.* 141; *Braunstein v. Peoples Ry. Co.*, 1 *Boyce*, (*Del.*) 310, 77 *Atl.* 738.

The defendant in the demurrer relies on 3 *Chitty, star page* 439. An examination of this citation shows that it does not bear out his contention.

The demurrer is, therefore, sustained.