## Commonwealth v. Firemen's Fund Indemnity Company

*William A. Frack*, for plaintiff.
*George F. Coffin, Jr.*, for defendant.

STEWART, P. J., October 15, 1934.—This is a rule upon the plaintiff to show cause why a more specific statement of claim should not be filed. The question involved is well stated in defendant's brief, as follows:

"Where two separate causes of action on two separate and independent bonds, on which the same surety appears in each, are joined in one action, must the plaintiff who seeks to recover on these bonds aver specifically the amount due on each bond or may the plaintiff lump the sum which he claims due by reason of breaches of both bonds?"

When we turn to the statement, we find that on November 4, 1932, the Commonwealth of Pennsylvania entered into a written contract with Frank F. Hausman for the furnishing of materials and doing the work in the improvement of a highway on Route 752, section 1; that on the same day Hausman executed a bond for labor and material to the Commonwealth for the use of any person, etc., supplying labor and materials, and the defendant on the same day became surety for the said Hausman. In another paragraph it is averred that on the same day the

Commonwealth of Pennsylvania entered into a written contract with Frank F. Hausman for the furnishing of materials and doing the work in the improvement of a highway on Route 752, section 3; that on the same day Hausman executed a bond for labor and material to the Commonwealth for the use of any person, etc., supplying labor and materials, and the defendant on the same day became surety for the said Hausman. The statement also averred that on November 22, 1932, The Trumbower Company, Inc., entered into a written contract with said Hausman for the furnishing of stone and screenings to the said Hausman in the prosecution of his contract with the Commonwealth for the improvement of sections 1 and 3 of Route 752. Copies of the several contracts and bonds were attached to and made part of the statement. The statement averred that the said Frank F. Hausman received materials, etc., from The Trumbower Company, Inc., and used them in reconstruction of said sections 1 and 3. It also avers that the balance due to the plaintiff from Hausman is $21,478.18, which sum the plaintiff seeks to recover from the defendant herein.

When we turn to exhibit F, we find that items amounting to approximately $5,900 show to which sections the materials were delivered. The balance of the items does not allocate the delivery of the materials. The contention of the defendant is that the statement of claim is defective in not showing to which section each load of material was delivered, and the learned counsel for the defendant claims that he cannot prepare an affidavit of defense without knowing to which section the material went, and he further suggests that the present is only one of six pending suits on these same bonds, and that unless the exact amount of material delivered to each section is mentioned in the statement, it would be impossible in the event of recovery by all the plaintiffs, to determine how the amount of each bond should be proportioned amongst the claimants. His contention is substantially that there should have been two suits, one on each bond.

There was no mistake in bringing one suit on these two bonds. In 2 Chitty on Pleading 439 (9th Am. ed.), it is said: "Several counts on different bonds may be joined in the same declaration, see the form, 1 Saund. 288, and id. note 1, and Lil. Ent. 167.—Com. Dig. Pleader, 2 W. 9." Where the action is assumpsit, it is perfectly proper to set the cause of action in different counts, that is to say, under the Practice Acts, in different paragraphs, as was done here. Of course if one count declared in assumpsit, and another count in the same action declared in trespass, it would be a fatal defect. Where judgments on the two counts is one thing, there can be no doubt about the propriety of the separate counts. In Jones v. Conoway et al., 4 Yeates, 109, the Supreme Court said:

"There does not appear to be any error in the joinder of the different counts in this declaration. The true distinction does not rest on the sameness of the process, plea and judgment; but on this consideration, whether the action is founded on tort or contract; if the former, it may be joined with any tort, and if the latter, with any contract."

In Seip v. Drach, 14 Pa. 352, Mr. Justice Rogers said on page 355:

"It is a principle too well settled to admit of dispute, that a misjoinder of actions or of counts in a declaration, is a matter of substance, and consequently is bad on general demurrer, in arrest of judgment, or in error: 2 Williams on Ex'rs. 1191; 24 Wend. 184, Gillet v. Hutchinson; and Malin v. Bull, 13 Ser. & R. 443. The principal point is, whether there is an incongruity of counts as the defendant alleges, viz. so that they require different judgments, one *de bonis testatoris*, the other *de bonis propriis* of the executor. There cannot, it is conceded, be two different judgments in one action; but counts, which require the same judgment, may be joined." See also the learned opinion of Mr. Justice Kennedy in M'Cahan v. Hirst, 7 Watts 175.

There is nothing in State, for use of Harley v. Fidelity & Deposit Co. of Maryland (Superior Court of Delaware), 115 Atl. 267, that applies to this case. The syllabus is:

"While several causes of action of the same nature may be joined in one suit and in one declaration, they must be set out in different counts, and a demurrer was properly sustained to a declaration, where plaintiff declared in one count on two bonds conditioned for payment of labor, etc., performed in construction of different sections of a state highway under independent contracts."

The authorities cited by Mr. Justice Harrington bear out those that we have cited. The trouble in that case was that the plaintiff in a single count, set out two distinct contracts. It must be borne in mind that this is not a rule to strike off the statement. In Bradly v. Potts, 155 Pa. 418, the syllabus is: "A rule for a more specific statement, although sanctioned by the rules of court, cannot be made a substitute for a demurrer."

The statement was served on May 28, 1934. The present rule was not taken until June 13th. In Cameron v. Fishman, 291 Pa. 12, the syllabus is: "The 21st section of the Act of May 14, 1915, P. L. 483, as amended by the Act of May 23, 1923, P. L. 325, providing that motions to strike off must be filed within fifteen days after copy of the pleading has been filed, is mandatory, and the courts have no power to enlarge it."

We could in no view of the matter, consider this as a rule to strike off the statement, and the defendant has properly treated the matter as a demand for a more specific statement. Bills of particulars are practically done away with by the Practice Acts, but the decisions governing the granting or refusing of bills of particulars must apply to the present rule. The court's decision, in some cases, is based on an inspection of the statement. In other cases it is based on what appears in the depositions taken on the rule, and in many cases, as we know from experience, it is based on the statements of counsel at

bar upon the argument of the rule. It would be useless to take depositions in the present case because the learned counsel for the plaintiff frankly states that except as to the items referred to above, amounting to $5,900, it would be impossible to show to which section the materials were delivered. He stated, and it was not denied, that Hausman secured delivery of the major portion of the stone at plaintiff's plant, and Hausman hauled the same to a large stock pile near the highway, and that as stone was required, Hausman took it to either one or the other of the sections as he required it. The items specifically marked in Exhibit F were reported by the drivers of the truck to the plaintiff when the deliveries were made. The statement explicitly declares that all material was used in one or other of the sections. Whether the Act of May 7, 1929, P. L. 1590, has any bearing on the present case or not, and just how the plaintiff at the trial, may be able to prove his case is not now before us for decision. Should he be compelled to file a more specific statement when it appears that he says it is impossible to do so, especially having in mind that the penalty for failure to file a bill of particulars is the entry on motion by defendant of a non pros? Such a judgment is equivalent to the finding by the court that the plaintiff is in contempt for not obeying the order of the court. Bills of particulars are only granted when the court thinks that it is proper to grant them. In In re Contested Election of Robert K. Lerch, 13 Northamp. 157, on page 168, we said:

"Bills of particulars are granted where it is necessary to give the adverse party information as to the claims or defenses set up. Whether they will be granted or not rests in the sound judicial discretion of the court. In Cyc., Vol. 31, page 565, it is said 'The proper office of a bill of particulars is to inform the opposite party and the court of the precise nature and character of the cause of action or defense for which the pleader contends in respect to any material or issuable facts in the case and

which is not specifically set out in his pleadings. . . . It is properly an amplification of the proceedings designed to make more specific general allegations appearing therein, and thus avoid a surprise at the trial.' " Then follows reference to decided cases.

In Skeer, Admx., et al. v. Lehigh Valley National Bank, 14 Northamp. 356, we again examined the subject. As we said above, one of the purposes of making absolute a rule for a more specific statement of claim is to avoid defendant being surprised at the time of trial. In the present case the defendant knows that the plaintiff cannot, on the trial, tell where each load of material went. Of course there is no affidavit of defense, and nothing was said upon the argument as to any defense other than the difficulty of proportioning the amounts of the bonds between the several claimants. That is plainly a matter that will have to be worked out after judgment on the suits. We have not overlooked National Deposit Bank of Phila. v. Mawson, 46 Pa. Superior Ct. 85, also cited by the learned counsel for the defendant, but we do not think that case applies to the present. In the exercise of our best discretion, the present rule cannot be made absolute.

And now, October 15, 1934, rule for judgment for a more specific statement of claim is discharged, and the defendant is directed to file an affidavit of defense within fifteen days from date.