## Foster *versus* McGraw.

1. The court is to judge as to the proof of the execution of a deed, the question of alteration afterwards, is generally for the jury.

2. Evidence of circumstances attending the execution of a paper and what the parties said whilst in the act of execution, may be received on the principle of explanation, not to vary the terms of the contract.

3. When one who owes several debts to another makes payments and no appropriation be made by either party, the law applies them to the debt which is least secure.

March 16th 1870. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county :* No. 155, to July Term 1869.

This was a scire facias sur mortgage, issued August 18th 1866, by John McGraw against A. H. Foster and Farrington Barcalow. The writ was served on Foster; no service was made on Barcalow. The defendant pleaded, "Non est factum, payment with leave," &c.

The case was tried June 12th 1869, before White, P. J.

The plaintiff offered in evidence a mortgage dated January 1st 1856, from the defendants to him, for $10,000, on lands in Chatham and Middlebury townships. The defendant objected to its admission on the ground that it had been altered since its execution. The evidence was admitted and a bill of exceptions sealed. Payments having been made on the mortgage, the plaintiff claimed $4140, with interest from January 1st 1862, and rested.

The defendant gave in evidence an agreement between the plaintiff and himself, dated January 23d 1864, which recited that certain suits in New York and Pennsylvania were pending between them; that the plaintiff held a mortgage from Barcalow and one from Barcalow and the defendant jointly, which were liens upon real estate in Middlebury township; that the plaintiff held an agreement between him and the defendant reciting the mortgages and providing for their consolidation upon terms therein mentioned, on which agreement the suit in New York was founded; and for the purpose of settling all matters in variance, the defendant agreed to pay the plaintiff $11,000 "in full for all of his demands upon the said real estate in Middlebury, including the

mortgages above recited and the contract hereinbefore referred to, if paid as follows, viz.: $2000 in hand, and the remaining $9000 within thirty days from this date, with use. If the said $9000 be paid within the time specified, said McGraw agrees to assign to said Foster the said mortgages, and surrender the said above-mentioned contract to him; if not paid within the time specified, the $2000 paid in hand is to apply on the original indebtedness of said Foster to said McGraw. In mean time proceedings to stay on all suits pending between said parties; and if this contract be carried into execution within the time specified, then all suits pending are to be discontinued, and each party to pay his own costs," &c.

The defendant testified:—

"No claims were taken into consideration in the settlement, except those referred to in the contract. The original indebtedness was the mortgage in this suit."

The defendant then gave in evidence the following receipts from the plaintiff:—

"Received of A. H. Foster, $2000, to apply on contract of this date, if balance on said contract be paid as therein provided; otherwise to be applied on original indebtedness of said Foster to me.

January 23d 1864."

"$3000.　　　　　　　　　Jersey City, April 21st 1864.

Received of A. H. Foster, $3000, to apply on contract of January 23d 1864, if balance due on said contract be paid as therein provided, on or before June 1st 1864; otherwise to be applied on original indebtedness of said Foster to me, with interest, the time being this day extended, in consideration of above payment."

"Received, Ithaca, January 14th 1865, of Aaron H. Foster, his note for $2000, dated this day, payable to the order of Simeon Hammond, in sixty days after the date thereof, at the First National Bank of Ithaca, N. Y., and endorsed by the said Hammond, to apply, when due and paid upon said Foster's indebtedness to me as per agreement."

He also produced the note mentioned in the foregoing receipt, and rested.

The plaintiff, in rebuttal, gave in evidence the following agreement, dated December 26th 1861, between plaintiff and defendant:—

"Whereas said Foster owns certain lands in Tioga county, described in a deed to him by Farrington Barcalow, dated August 8th 1861, for an undivided half thereof; and whereas said McGraw holds two mortgages on the same, one given by said Foster and Barcalow on the whole, on which there was due on the 1st day of July last $4140; the other given by Barcalow on one-half, on which there was due on said 1st day of July $7013.84;

14 P. F. Smith—30

and a note of said Foster, dated August 8th 1861, for $3000; which in the whole amounts to $14,153.34, which sum said Foster agrees to secure by his bond and mortgage to said McGraw, payable as follows," &c. * * * And whereas said agreement cannot be carried out, because said Barcalow, just before the conveyance of said one-half by said deed, fraudulently gave and caused to be recorded a mortgage for $7000 on said lands so conveyed by him, which may be a valid encumbrance thereon.

"Now the said Foster agrees with said McGraw, that if said McGraw shall foreclose his said mortgages, or either of them, against said lands, that he will purchase the same, unless the same will sell for more than the debt, interest and costs due to said McGraw; and that he will secure the said sum of $14,153.34, by his bond and mortgage on said lands, subject only to such mortgages as are now on the same prior to said McGraw's mortgages; and that he will in the mean time pay to said McGraw the interest on instalments that would have become due according to the payments above set forth, which are to be the terms of payment of principal and interest, in such new mortgage and the bond given with the same," &c.

Also the following letter from defendant to plaintiff's attorney:
                                        "Corning, March 11th 1865.

"D. Boardman, Esq., Dear Sir :—I have been expecting to hear from you in relation to delivery of deed and other papers left with you as between John McGraw and myself, in connection with lands in Tioga county, Pa., to perfect title against F. Barcalow's fraudulent mortgage, as per agreement. Having paid the note at your bank, and all now due, except the joint mortgage, which is abundant security for all unpaid, I can see no good reason for holding said deed and papers longer."

The plaintiff testified, under objection and exception, that at the execution of the contract of January 23d 1864 : " The word ' original' in the contract was interlined by Judge Williams, at my request. Mr. Sherwood, Mr. Williams, Mr. Foster and myself were present. Was inserted before the contract was executed. There was a discussion in regard to what indebtedness would be intended, if the contract were executed as first drawn by Mr. Williams; that it might be construed as the amount inserted in the contract, if the payments were not made as specified; and the word ' original' was interlined, so that there would be no inference that the payments made should apply on the amount included in the contract, if not made according to the contract, but upon the $13,000 and over, the whole indebtedness. The stipulations were not made according to the contract of 23d January 1864.

He further testified, under objection and exception: " The agreement between Mr. Foster and myself was, that the younger claims were to be paid first; the $3000 note and mortgage given

[Foster v. McGraw.]

by Barcalow on his undivided half of the property. * * *  The agreement that the payments made were to apply on the younger claims, existed before and after the contract of 23d January 1864."

The defendant gave evidence contradictory of the plaintiff's testimony as to the occurrences at the execution of the agreement.

The plaintiff's 2d point was :—

"That if neither the debtor nor the creditor made application of the payments, then the law applies them upon that debt which is most beneficial to the creditor and the least secured; and that if the jury believe the evidence, the note and the younger mortgage of this property against A. H. Foster were least secured, and therefore the payments should apply on them, and not upon the joint mortgage in controversy."

To which the court replied : "If neither Foster nor McGraw applied them, then the law applies them on those debts which are least secure; and if the jury believe the evidence, then the note and latest mortgage were least secure, and the payments are applied, under the legal rule, on them, and not on the joint mortgage in suit."

The defendant's points with their answers were as follows :—

1. "The contract of 1864 being clear and explicit in its terms, must be construed by the court, and cannot be altered or its construction affected by extrinsic evidence."

Answer : "The contract of January 23d 1864, may not be regarded as very ambiguous, but it is not so clear and explicit in all its points as not to be susceptible of explanation by the parties to it; and although they differ in their construction of the clause in it which I regard as somewhat ambiguous, their evidence confirms me in the construction I have given it."

3. "The term 'original indebtedness,' employed in the contract of 1864, must be held to refer to the instruments, which were the original subject of negotiations in the contract of 1861, and the original charges upon defendants' lands, namely, this mortgage and the mortgage of August 1st 1857."

Answer : "The expression 'original indebtedness,' employed in said contract, refers to the whole indebtedness of Foster to McGraw existing at the date of said contract, which, as shown by the evidence, was upwards of $13,000, and was compromised at $11,000, payable in the manner specified in the contract."

4. "All payments made upon the contract of 1864, are now to be applied upon said instrument of 'original indebtedness'; and as the mortgage upon which this suit is brought is the oldest mortgage, the payments are to be applied upon it till it is paid."

Answer : "All the payments made by him to McGraw since its execution, including the cash in hand $2000 payment, are to be applied on the whole indebtedness of Foster to McGraw existing

[Foster *v.* McGraw.]

at the time; and neither debtor nor creditor having made a special application of them, the law applies them on debts which are least secure, and not on the mortgage-debt in suit, which is most secure."

6. "The letter of Foster, bearing date March 14th 1865, to Boardman, cannot be so construed as to change the application of the money previously paid, contrary to the agreement of 1864, nor different from its application as expressed in the receipts given at the time the money was paid."

Answer: "The letter of Foster, dated March 14th 1865, was not designed to change the application of the payments as made previously, but concludes him from denying that they were applicable in the manner alleged by the plaintiff, and not on the joint mortgage, and shows that he assented to such application."

The verdict was for the plaintiff for $6336.

The defendant took out a writ of error.

The 1st, 2d and 3d assignments of error were to the admission of the evidence.

The 4th, the answer to the plaintiff's point.

The 5th, 6th, 7th and 8th, the answers to the defendant's points.

*M. F. Elliott, S. F. Wilson* and *W. H. Smith*, for plaintiff in error.—The mortgage should not have been admitted without explanation of the alteration to the jury: Jordan *v.* Stewart, 11 Harris 244; Smith *v.* Weld, 2 Barr 54; Barrington *v.* Bank of Washington, 14 S. & R. 423; Zeigler *v.* Sprenckle, 7 W. & S. 175. Evidence applying the word "original," was inadmissible: Benson *v.* The Miners' Bank, 8 Harris 373; Baker *v.* McDowell, 3 W. & S. 360; Means *v.* The Presbyterian Church, Id. 303; Barnhart *v.* Riddle, 5 Casey 92.

*Sherwood* and *Harrison*, for defendant in error.—As to the application of the payments cited: Johnson's Appeal, 1 Wright 274; Pierce *v.* Sweet, 9 Casey 157.

The opinion of the court was delivered, March 21st 1870, by

AGNEW, J.—It is a sufficient answer to the 1st assignment of error to say that the mortgage of January 1st 1856, has neither been produced nor printed, while the defendant in error avers that it exhibits on its face no evidence of alteration or addition, after execution, to exclude it from the jury. The deed or a copy might show conclusively or apparently that the matter alleged was written in the deed before execution. The court must judge of the due proof of the execution of a deed, but when duly executed, the question of alteration or addition afterwards is generally a question for the jury: Heffelfinger *v.* Shutz, 16 S. & R.

[*Foster v. McGraw.*]

44; Simpson *v.* Stackhouse, 9 Barr 186.   There was no error in the admission of the evidence contained in the 2d assignment of error.   The evidence proposed was of what occurred at the execution of the paper, for the purpose of enabling the court to read the paper in the light of the circumstances, and not to prove that the word "original," inserted at the instance of McGraw, had a different meaning from its ordinary signification.   The evidence of the circumstances attending the execution of a paper, and what the parties said while engaged in the act of execution, are often very material in enabling the court to understand the contract, and to give a proper interpretation to it.   This is received on the principle of explanation merely, not to alter or vary the terms of the contract.

Nor was there error in receiving the evidence set forth in the 3d assignment of error.   An agreement before or at the time of the written agreement of 23d January 1864, to apply the payments of Foster to the younger claims of the plaintiff, was not inconsistent with the terms of the written agreement.   The purpose of that agreement was to settle and fix a specific sum which McGraw agreed to accept in full satisfaction of his claims on the real estate in Middlebury, provided this sum was paid according to the terms of the agreement.   The order in which the instalments should be applied to these claims was not provided for in the agreement.   It was therefore competent for the parties to be guided in the application of the payment by another agreement. The only language in the written agreement affecting this question is that part which provides that if the money to be paid under the contract should not be paid within the time specified, the money paid in hand shall "apply on the *original indebtedness* of said Foster to said McGraw."

If the words "original indebtedness" mean *oldest* indebtedness, as contended for by the defendant below, it would change the case, but we think that the learned judge below gave these words their true interpretation, and this leads us to dispose of the remaining assignment of error.   The purpose of the agreement being to accept a less sum than Foster actually owed McGraw, provided the money should be paid promptly, according to the terms of the writing, the next thing to be provided for was the failure of Foster to pay according to these terms after he had made the first payment in hand, and this provision evidently was that the payment so made should then apply on the indebtedness of Foster, as it stood originally, before the reduction made upon it by the writing.   It was simply to say, on part of McGraw to Foster, if you fail to comply with the terms of prompt payment, as required by our agreement, then we shall stand as we stood before, and what you pay will apply to my claims as they existed before we entered into this bargain.

[Foster *v.* McGraw.]

This being the true meaning of the terms original indebtedness, and the agreement not having provided for the order of application, the case then stood on the question of actual application. The defendant proved no application by himself to either mortgage, so that the application was to be made to the junior mortgage, if the evidence of the plaintiff were believed, and even this became immaterial, for if no actual application had been agreed upon, as contended by the plaintiff, to the junior mortgage, still the application would be made to it by the law, on the ground that it was the least secure, both in point of time and quantity of property: Johnson's Appeal, 1 Wright 268; Pierce *v.* Sweet, 9 Casey 151.

Upon the whole, we discover no error, and the judgment is therefore affirmed.