## McKelvey *versus* Jarvis, Halpin & Co.

1. When the plea in a scire facias on a mechanic's lien was " no lien," no question as to the sufficiency of the lien on its face can arise on the trial of issues of fact. Lee v. Burke, 16 P. F. Smith, followed.

2. In the absence of any appropriation by the parties, the law will appropriate payments to the claim least secure. Foster v. McGraw, 14 P. F. Smith 469, followed.

3. Where work done under a contract is substantially finished, and accepted more than six months prior to the filing of a mechanic's lien, and extra work is done thereafter to supply a deficiency in the work done under the contract, this will not extend the time for filing the lien to six months from the time said extra work was finished; but if said extra work was done under an agreement with the owner that it should be done as a substitute for work which was to be done under the original contract, and no additional compensation was to be allowed therefor, the time of the lien will be extended.

October 18th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1878, No. 183.

Two writs of scire facias upon mechanics' liens, issued by Jarvis, Halpin & Co., against John A. McKelvey, owner and contractor. Defendant pleaded, No lien, *nil debet*, set-off, payment with leave, &c.

The lien was filed on the 10th day of November 1876, against two adjoining houses, "for labor, materials, &c., furnished to said house in plumbing and gas-fitting, under a gross contract made by claimants with said John A. McKelvey, owner and contractor, done and furnished within six months last past, for and about the erection and construction of the buildings hereinafter described."

The bill of particulars was as follows :

JOHN A. McKELVEY, owner and contractor,

To JARVIS, HALPIN & Co., Dr.

To work as per contract on Shady avenue,
houses finished June 18th 1876, . . .          $584.00
Credited by cash, . . . . . . . $113.95

Leaving still due claimant, . . . . .          $470.05

The work was all done and materials furnished in the fall of 1875, or at the latest through the winter of 1875, and prior to the 1st day of April 1876. The lien was not filed until the 10th day of November 1876, so that more than six months had expired from the time of completion of the work until the time of the filing of the lien ; but the plaintiffs below showed, by Samuel Jarvis, that, on or about June 18th 1876, he met Mr. McKelvey, the defendant, who called his attention to the fact that the firm had neglected to put in a street-washer ; that he, the witness, then called his attention

to the fact that the contract did not call for a street-washer, but for two hose-plates, one for each house, and that they, the contractors, had overlooked them, and forgotten to put them in. That he and the defendant, then and there, made an agreement that the plaintiffs should be released from their undertaking to put in the said hose-plates, and in consideration thereof the plaintiffs agreed to put in a street-washer near the curb on the outside of the sidewalk, and that they did so.

The defendant contended that this new arrangement in June 1876 did not save the lien and bring the whole claim within the six months prior to the filing of the same. The court below, however, decided against him, and this ruling constituted one of the assignments of error.

On the trial, when the plaintiffs offered the mechanic's lien in evidence, the defendant objected to it on the ground that it set forth and averred that the work had been done under a special contract, but did not contain or set forth sufficiently the terms of such contract, also; and that the bill of particulars was a lump charge, and did not specify the nature, kind and amount of work and labor done and material furnished. The court, however, overruled the objection to this, and such ruling constituted defendant's first assignment of error.

It appeared by the evidence and by the written proposal that the original contract price for the work was the sum of $584. The defendant below claimed and offered evidence tending to show that at the time he accepted the proposal of plaintiffs they agreed to take in part payment an order on Byers & McCullough, tube manufacturers, for $500 worth of gas-pipe, and it was also admitted that said order was afterwards given by the defendant and received by the plaintiffs below, and that they received the pipe therein called for from Byers & McCullough. The plaintiffs, however, while they admitted that they had received the order and got the pipe upon it, yet denied that they had agreed to take it in part payment of, and at the time they made the contract, for this plumbing work, and claimed the right to apply it to a subsequent running account between them and the defendant, as to some other dealings between them; and the ruling of the court upon this question of appropriation formed the subject-matter of another of defendant's assignments of error.

The plaintiffs submitted the following point, which the court, Bailey, A. L. J., affirmed.

That in the absence of any appropriation by the parties at the time, the law would apply the payments to the claim least secure, and that therefore if they find that the parties made no appropriation at the time of the giving of the order and making payments in this case, then these various orders and payments would apply

[McKelvey *v.* Jarvis.]

first upon the general book account, and the balance, if any, would be a credit upon the lien.    Second assignment of error.

Among the points submitted by the defendant were the following, with the answers of the court thereto :

3. If the $584 contract for plumbing and gas-fitting was substantially completed, and was accepted by defendant as finished before May 10th 1876, the fact that defendant claimed that the work had not been done according to contract, and the fact that plaintiffs agreed to do and did do other outside work to compensate for the deficiency, would not preserve the lien.

Ans. " I refuse that point, because there is no evidence to cover the facts presented therein."    Third assignment.

4. If the jury find that said contract was completed before May 10th 1876, work or materials furnished after that time under any new arrangement, or with any purpose whatever, would not preserve the lien.

Ans. " Refused."    Fourth assignment.

5. If the jury find that the said contract for plumbing and gas-fitting was completed before May 10th 1876, the request of defend-ant that plaintiffs should put in a street-washer in lieu of and to compensate defendant for the plaintiff's failure to put in hose-plates, and the fact that plaintiffs did put in the street-washer connected with the pipe in the street, but not directly connected with any pipe in the houses, would not preserve the lien.

Ans. " I refuse that point, and especially it ought to be refused, because it is based upon an allegation which the plaintiffs proposed to prove, but to which the defendant objected and the court ruled it out, so that certainly he could not base the point upon a piece of evidence which he himself had deprived the plaintiff of an opportunity to offer."    Fifth assignment.

In the general charge, the court, inter alia, said :

"I charge you that the street-washer was a substitute for the hose-plates, and the only questions for you to pass upon are : 1. Whether there was an agreement about this $500 order which would make it applicable to this contract for plumbing and gas-fitting; and 2. Whether in good faith this street-washer was put in under the agreement on contract made between the parties for the plumbing and gas-fitting; or whether it was a mere subterfuge or an effort to do something in addition to the contract in order to cover the time requisite to file this lien."    Seventh assignment.

Verdict for plaintiffs, and after judgment defendant took this writ, assigning among others the above errors.

*S. W. Cunningham, John Barton* and *A. G. Cochran,* for plaintiff in error.—The scire facias was in due form, and when upon an inspection of the lien upon which it was founded it appeared that the same did not conform to the requirements of the Acts of Assembly,

could defendant not under the rules of evidence object to the offer? He raised this question squarely by his affidavit of defence and by his pleas. True the plea of no lien is held to be no plea, but under the statutory plea of payment the defendant may give in evidence anything which goes to show the plaintiff is not entitled to recover: Act of 1705, Bright. Purd. 487. We submit that there is nothing in the evidence that shows that on the 17th day of April 1876, when this order was given and received, that the defendant was indebted to the plaintiffs on any other account than for the plumbing and gas-fitting in these two houses. And even if there was no specific appropriation of it at the time, the law would apply it to the account due and owing. And therefore it was error in the court below to submit this question to the jury upon a general proposition as contained in the plaintiff's first point. The street-washer was no part of the original contract. It was something not attached to the house at all. The court had no right, as a matter of law, to decide the question of fact whether or not this street washer was a substitution for the hose-plates, required by the original contract.

*Blakeley & Bigham*, for defendants in error.—Advantage of a formal defect in a lien must be taken by demurrer on motion to strike off. Plea of "no lien" raises no question as to sufficiency of lien: Lee v. Burke, 16 P. F. Smith 336. On the plea of payment advantage cannot be taken of the invalidity of the lien: Lewis v. Morgan, 11 S. & R. 234; Shelly's Appeal, 12 Casey 374. In the absence of any appropriation by the parties at the time, the law will apply the payment to the claim least secure: Pierce v. Sweet, 9 Casey 151; affirmed in Foster v. McGraw, 14 P. F. Smith 470. In Parrish and Hazard's Appeal, 2 Norris 111, it is expressly ruled that work done in altering mud-drums of the machinery built for use in a furnace, which alteration was necessary to operate the mud-drums, although the mistake was that of the architect and not of the mechanic, and the mechanic was allowed for this work, in addition to his contract price, was such a portion of the original work as to make the date of completing the alteration the date of the finishing of the original contract; and that a lien filed within six months from that day was in time. And our case is stronger in this, that when we were required to do this work, it was as a part of the original contract for which we were to get nothing, and for which we have gotten nothing.

Mr. Justice SHARSWOOD delivered the opinion of the court, October 28th 1878.

The objection that the contract was not set out in the claim filed was properly overruled by the learned court below, under the case of Lee v. Burke, 16 P. F. Smith 336, which decides that where

6 NORRIS—27

the plea in a scire facias on a mechanic's lien was "no lien," no question as to the sufficiency of the lien on its face can arise on the trial of issues of fact. This disposes of the first assignment of error.

The second assignment relates to the question of appropriation of payment. There was no error in affirming the plaintiff's first point: Foster *v.* McGraw, 14 P. F. Smith 464.

The third assignment, however, must be sustained. There was evidence that the contract for plumbing and gas-fitting was substantially completed, and was accepted by defendant as finished before May 10th 1876, and that defendant claimed that the work had not been done according to contract, and that plaintiffs agreed to do, and did do, other outside work to compensate for the deficiency. There was a street-washer put in June 28th 1876, according to Bailey's testimony. According to the evidence given by Samuel Jarvis, McKelvey, the defendant, met him and complained about the arrangement he was using for a hose. "I told him that never was put in for that purpose at all; it was merely a branch put in for the use of the bricklayers to make mortar, and that the street-washer arrangement had been overlooked. He said our arrangement was to put in a hose-plate for each house. I admitted that, and we talked the matter over a little, and he wanted it done right away, and he proposed the street-washer; wanted to know if that would answer in place of the other two. I said it would if he was satisfied, and he says, 'Go ahead and put it in.'" This evidence certainly covered the facts presented in the defendant's third point, which ought, therefore, to have been affirmed, for if the jury believed on this testimony that the street-washer was outside work, done to compensate the deficiency in the work done under the contract, it ought not to preserve the lien. In like manner we think the refusal to affirm the defendant's fourth point was error, for certainly if the jury found that the contract was completed before May 10th 1876, the claim having been filed November 10th 1876, work or materials furnished after that time under any new arrangement or with any purpose whatever would not preserve the lien. We are of opinion also that there was error in refusing defendant's fifth point, which was sufficiently based upon the evidence of Jarvis above stated, independently of any evidence offered and ruled out.

We are of the opinion, however, that if the defendant, being the owner as well as contractor, did agree that the street-washer should be put in as a substitute for the hose-plates provided in the original contract, and that it should be done under that contract, and not to be paid for as extra work, and the plaintiffs assented and did the work, it would have the effect of extending the time for filing the claim in six months from the time such work was done. This was a question for the jury, and ought not to have been assumed as a

[McKelvey v. Jarvis.]

question for the court, and the seventh assignment of error must therefore be sustained.

Judgment reversed, and a *venire facias de novo* awarded.