## Creasy & Wells v. Emanuel Reformed Church, Owner or Reputed Owner, and Jacob Shoemaker, Contractor, Appellants.

*Payment—Application of payments.*

In the absence of any appropriation by the parties, the law will appropriate payments to the claim least secured : McKelvey v. Jarvis, 87 Pa. 414. followed.

*Mechanic's lien—Payment by contractor to claimant—Evidence.*

Where the validity of a mechanic's lien turned upon the condition of a running account between the claimants, who were subcontractors, and the contractor, it is competent for the claimants to show that at the time the lien was filed the contractor was in their debt, and this can be done by establishing items of indebtedness outside the book account and which were not the subject of a book entry, such as the indorsement of notes which had been paid by them.

Argued Feb. 17, 1896. Appeal No. 19, Jan. T., 1896, by defendant, from judgment of C. P. Columbia Co., May T., 1894, No. 305, on a verdict in favor of the plaintiff on a sci. fa. sur mechanic's lien. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Sci. fa. sur mechanic's lien debt $885.38.

Jacob Shoemaker was the contractor for a church building which he completed and for which he was paid by the church. Subsequently a mechanic's lien was filed by plaintiffs who were subcontractors. Defendant pleaded nil debet, and specially that a part of the claim filed, to wit, $475, was a lumping charge, and that the material had not been furnished on the credit of the building but on Shoemaker's individual credit and had been paid for by Shoemaker, and to Shoemaker by the church. The court on argument struck off the item of lumping charge.

There was no dispute that the materials specified were furnished nor that they went into the church building; nor that the lien was filed in time. The questions in dispute were whether the goods were furnished on the credit of the building and whether, in view of a running account existing between

the contractor and lien creditor, the said creditor was not fully paid at the time the work was done and the lien filed.

These questions were left to the jury under adequate instructions by the trial judge.

*Errors assigned* were :

(1) Refusing defendant's ninth point, as follows:

9. Under all the evidence the verdict should be for defendant. *Answer :* That point is refused. That is a question for you, under all the evidence and the rules of law, as we have given them to you, relating to the matter.

(2) Affirming the first point of plaintiff, as follows :

1. In the absence of any application of the credits in the account of Shoemaker, upon the books of Creasy & Wells, they, Creasy & Wells, were at liberty to appropriate such credits to his general accounts, and in the absence of any appropriation the law will appropriate a payment to a debt which is the least secured. *Answer :* That proposition is correct; we affirm that point.

(3) In charging the jury as follows :

"Any payment made by Shoemaker to Creasy & Wells, and not applied on their mutual account to the charge of these materials, would not so apply, unless it was the understanding between the parties that it should be so applied."

(4) In overruling defendant's objection and admitting the testimony of S. C. Creasy, as follows :

Little : The plaintiff offers, in connection with the testimony heretofore offered and before the jury, to show the amount of indebtedness owing by Jacob Shoemaker to the plaintiff, and the nature and character thereof, including thereunder the contract relative to the manufacture of shingles and for machinery to be operated on the tract mentioned in paper B, contracted for and having its inception prior to the furnishing of the last material here claimed for. This for the purpose of showing that the credits given on the books of Creasy & Wells to Shoemaker if any may be and are operative, according to the plain and common rule of law, first to cancel in this general account of Shoemaker this his indebtedness to the plaintiff, and then if there are any further credits that they are to be applied to the demand here claimed for.

Hinckley: Defendants' counsel object to the offer, so far as it proposes to show any indebtedness by Shoemaker to the plaintiff other than that which arises from and is shown by the book account upon which the witnesses have been examined; because any other indebtedness owing by Shoemaker to the plaintiff does not affect the claim against the Emanuel Reform Church, the owner against whom recovery is sought in this action.

The Court: We overrule the objection, admit the evidence offered, and seal a bill for the defendant.

(5) In overruling defendants' objections and admitting the testimony of S. C. Creasy, as follows:

The Court: Did these things originate out of this contract? This evidence ought to go only to explain these credits on the book,—ought to relate to them.

Hinckley: There is not one of them that is connected with that credit.

The Court: At this time there does not appear to be any connection; but we will see when we get through.

Little: What did that note, that you indorsed for, have reference to, upon which you are liable?

Hinckley: I object to any testimony in regard to the note, because the note is in writing, and is the best evidence.

The Court: The question is whether this indebtedness, the debits and credits, whether they were made in view of these outstanding claims and contracts, and whether or not they are all on the books—whether these debits here relate to that credit on the book of $2,000, or are in any way connected with it, so that they ought to apply, or do apply, upon this claim of the plaintiff.

Little: That is it. I am simply asking now about that three-hundred-dollar note, whether it has any reference at all to this account, to the debits and credits in the Shoemaker account, prior to the furnishing of this last item of material.

Hinckley: We object to that. If, upon no other ground, upon the ground that the witness has no right to come in here and introduce parol testimony of notes, which, he says, they indorsed without the production of the notes, or else showing that they cannot be produced; they are the best evidence.

The Court: This evidence is in explanation, as we under-

stand it, of the plaintiff's allegation that there is an erroneous credit of $2,000 upon their books.   It stands there as a receipt or credit.   You are claiming it as a receipt or credit upon this claim of theirs.   You claim that it should apply upon that, as we understand it.

Hinckley: No, sir.   We are claiming that they have applied it, and that it ought to remain there, as they have applied it on their books.   What comes into the account on their books is evidence.   But to go outside and drag in matters to apply to this account, which they have not thought of sufficient importance to enter on their books at all, we insist is not proper, and it has nothing to do with this case.

The Court: If you had a receipt upon that book that $1,000 or $800 was paid upon this claim to Creasy & Wells, they could explain that receipt away by verbal testimony.

Hinckley: But they cannot explain it away by saying: "Oh, yes, we applied it to this then; but now we are going to apply it to some other indebtedness."   They have applied this credit on their books in this account, and they cannot say now that that credit should be taken off that book and applied to some indebtedness that is not in the account, nor on the book.   The account, as kept in their books, is what they did at the time, as showing their intention.

The Court: If this indebtedness arises out of that lumber transaction, for which the credit was given, we think it ought to be heard.   We admit the evidence, the defendant excepts, bill sealed.

(6) In overruling defendants' objection and admitting the testimony of S. C. Creasy, as follows: Q. Please state the total indebtedness at that time owing.

Hinckley: We object to the statement of any indebtedness except that shown by the book containing the Shoemaker account.

The Court: We make the same ruling; exception for defendant.

(7) The court erred in the answer to defendants' eighth point, as follows:

8. The plaintiff cannot, in this case, set off against any credit or payment of or by the contractor, on account of the materials for which the lien is filed, any damages or other

accounts owing by the contractor to them. *Answer:* That point we affirm. Such a set-off, unascertained, is too remote and distant to be considered by the jury, and you cannot allow any claims of that kind.

*H. M. Hinckley, W. H. Snyder* and *N. U. Funk* with him, for appellants.

*Robt. R. Little, Wm. Chrisman* with him, for appellees.

OPINION BY BEAVER, J., March 18, 1896:

The record in this case discloses seven assignments of error. The first and seventh relate to the answers of the court to points submitted by the defendant; the second to the answer of the court to the first point of the plaintiff, the third to the general charge of the court, and the fourth, fifth and sixth to the overruling of defendant's objections to the admission of testimony offered by the plaintiffs.

The entire difficulty in the case, as it seems to us, arises from the different standpoints from which a credit of $2,000, entered in the books of the plaintiff, is viewed. If it were an actual cash credit, all the materials for which the mechanic's lien in this case was filed against the Emanuel Reformed Church, appellant, would have been paid. If, as is claimed, and apparently shown by the appellees, it was merely a memorandum to guide them in extending credit to the contractor for the church in an entirely independent transaction and was never intended to be an actual cash credit to his account, then the materials would not be paid for, and the amount of the lien as ascertained by the jury would be a proper charge against the appellant. Much of the testimony in the court below bears upon this question. The item, as it appears upon the books of the plaintiff, which were produced in evidence, is under date of August 20, 1891. It is alleged that this memorandum was made in pursuance of an agreement entered into by Jacob Shoemaker, the contractor, and Creasy & Wells, the plaintiffs below, dated August 9, 1891. Under the terms of that agreement, Creasy & Wells purchased from Jacob Shoemaker the timber standing upon a tract of land " occupied by T. W. Shoemaker, situated in Madison township, Columbia county, Pa., containing about

two hundred and eighteen acres of wood or timber land, more or less." "Price of above timber to be $2,000, payable as follows : One Thousand Dollars when timber is hereafter delivered or hauled to Bloomsburg, Pa. and balance of One Thousand Dollars, when timber is all manufactured." As we understand the agreement, the timber was to be paid for as it was removed, and to be manufactured within three years from the date of agreement. It will be noted that the memorandum in the books of the plaintiffs was made ten days after the signing of this agreement and before any of the price to be paid for the timber could have become due, under the terms thereof. Under these circumstances, it would have been plain error for the court below to have taken away the question of the character of that entry from the consideration of the jury. It follows, therefore, that the defendant's ninth point which was that "under all the evidence the verdict should be for defendants" was properly refused.

It was contended by the plaintiffs in the court below that the amount which, under the terms of their agreement, supra, was to be paid to Shoemaker, the contractor, never did, as a matter of fact, become due, and that the amount of timber delivered from the tract did not amount to the full consideration of $2,000. The agreement constituted the contract of the parties and not the memorandum in the plaintiffs' books.

The answer to the plaintiffs' first point, covered by the second assignment of error, and the charge of the court as objected to in the third assignment of error are entirely justified upon the authority of Foster v. McGraw, 64 Pa. 464, and McKelvey v. Jarvis et al., 87 Pa. 414. In the absence of an application or appropriation by the parties, the law will appropriate payment to the claim which is the least secure. The question as to whether or not the materials charged to Shoemaker for the church were furnished upon the faith of the building or upon Shoemaker's individual credit was fairly left to the jury.

The testimony to which objection was made related to the condition of the accounts between the plaintiff and the contractor defendant at the time at which the mechanic's lien was filed. We see no error in the admission of any of the testimony to which objection was made, as contained in the 4th, 5th, and 6th assignments of error. It was surely compe-

tent for the plaintiffs to show that at the time the mechanic's lien was filed Shoemaker was in their debt.    This could be shown by establishing items of indebtedness outside the book account and which were not the subject of book entry, such as the indorsement of notes which had been paid by them, etc.

As to the seventh assignment of error, we think the answer of the court was entirely correct, affirming as it did the proposition as made by the defendant.    The appellants seem to assume that the testimony relating to the indebtedness of Shoemaker outside the account was a set-off to their claim, but, as a matter of fact, this is not the case.    The appellants had no set-off to the claim of the plaintiffs, unless they, the plaintiffs were indebted to Shoemaker at the time of the filing of the lien.

The court properly limited the evidence which could be considered by the jury in the answer to the appellants' eighth point, and, as so limited, there is no conflict with the case of Gable & Hughes v. Parry & Randolph, 13 Pa. 181.

If the appellant had been in any way influenced in the payment of the balance due the contractor by the condition of the books of the appellees at the time such payment was made, and had been induced to make payment because thereof, the appellees might have been estopped from showing any items of indebtedness outside their books; but there is no allegation of this kind and the appellees were, therefore, clearly entitled to show the real condition of the dealings between Shoemaker, the contractor, and themselves.

We see no error in the record, the case was fully and fairly submitted to the jury under clear and adequate instructions, and the assignments of error are, therefore, all overruled and the judgment affirmed.