## Eller v. Cambridge Springs Company, Appellant.

*Mechanic's lien—Entire contract—Time of filing lien.*

Where there is an entire contract to furnish the cornice of a building and four bases and four gable ornaments at such time as the building should be ready for them,. and the cornice, bases and two of the ornaments are furnished in May and the other two ornaments in September, and there is no evidence as to when the building was ready for the ornaments, a mechanic's lien filed in the following February will be good as to the material furnished in May.

*Contract—Entire contract.*

The entirety of a contract depends upon the intention of the parties.

Argued May 21, 1901.   Appeal, No. 67, April T., 1901,· by defendants, from judgment of C. P. Crawford Co., Feb. T., 1899, No. 110, on verdict for plaintiff in case of J. H. Eller, trading as J. H. Eller & Company v. The Cambridge Springs Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Scire facias sur mechanic's lien.

From the record it appeared that on March 11, 1896, the plaintiff entered into a written contract with defendant to furnish for defendant's hotel building the copper ornamental work for the outside of the building; a copper frieze at forty cents per lineal foot, and to deliver and erect on the building at such time as the building should be ready for it, the base of circular bay over main entrance, the bases of four square balconies on third floor of front wings, and four gable ornaments at side and rear wings.   These pieces were to be furnished for the aggregate sum of $318.60.

All the items mentioned in the contract were shipped and

received the last of May, except two of the four gable ornaments which were shipped on September 23, 1896.

There was no evidence when the building was ready for the erection of these ornaments.

The court charged in part as follows:

[Another question that is raised in your hearing is to the effect that the contract as made up was two separate contracts. This theory of the case we say as a matter of law cannot be maintained. We say to you the written contract that has been presented was an entire contract, or one to be taken as a whole, and the goods or material furnished under that contract were to be furnished in pursuance of an entire contract, and if any portion of the goods or materials provided for in that contract were furnished within six months prior to February 27, 1897, a mechanic's lien would attach for all of the goods furnished under the contract, within six months or more than six months before.] [5]

Defendant's points were as follows:

1. That if the jury found from the evidence that plaintiff regarded the contracts of March 11 and 24, 1896, as substantially completed, and charged it as completed May 29, 1896, that the item of two gable ornaments left over and not shipped until September 23, 1896, would not operate to preserve the lien of the contract for the balcony bases, ornamental gables and bay base, a special contract for a lump sum as mentioned in said contract, the lien not having been filed until February 27, 1897, and that the verdict of the jury must be for the defendant. *Answer:* This point is refused as here put. We have instructed you as to the plaintiff's right to recover, providing that any of the material provided for in the contract was furnished within six months prior to February 27, 1897. [1]

2. That if the item of September 23, 1896, should operate to preserve the lien at all, it can only preserve the lien as to the amount of the contract in which it is included and that it cannot in this case operate to preserve the lien for the frieze, whether that contract was made at the same or a different time, which frieze was delivered May 29, 1896, more than six months prior to the filing of the mechanic's lien, and as to that amount the verdict of the jury must be for the defendant. *Answer:* This point is refused. [2]

Verdict and judgment for plaintiff for $1,151.72. Defendant appealed.

*Errors assigned* were (1, 2, 5) above instructions, quoting them.

*Frank P. Ray,* for appellant, cited: McKelvey v. Jarvis, 87 Pa. 414; Lucesco Oil Co. v. Brewer, 66 Pa. 351; Morgan v. McKee, 77 Pa. 231.

*George W. Haskins,* with him *Otto Kohler* and *John O. McClintock,* for appellee, cited: Bartlett v. Kingan, 19 Pa. 341; Cosgrove v. Cummings, 190 Pa. 525; Carey v. Buckley, 192 Pa. 276; Fahnestock v. Speer, 92 Pa. 146; Klinefelter v. Baum, 172 Pa. 652; Quigley v. DeHaas, 82 Pa. 267; Carmalt v. Platt, 7 Watts, 318; Shinn v. Bodine, 60 Pa. 182; Easton v. Jones, 193 Pa. 147.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

The written contract, under the terms of which the materials included in this lien were furnished, was rightly held by the court below to be entire. It was intended by the parties to be entire. By their intent the construction of the contract is to be determined: Easton v. Jones, 193 Pa. 147. This disposes of one of the appellant's contentions.

By the terms of the contract certain of the materials, including "four gable ornaments," were to be delivered "at such time as building shall be ready for it." Almost the whole of the material was delivered in May or June, 1896. Two of the gable ornaments were delivered about September 26, 1896. The lien was filed February 27, 1897. We are asked to say that the delay in furnishing the two gable ornaments was neglect on the part of the plaintiff by which he should not profit in an extension of the time for filing a lien. There is nothing in the evidence furnished to us to warrant such conclusion. The case cannot be brought within the authorities cited by the appellant. The delivery of the gable ornaments was not made "to compensate defective performance" (Harrison v. The Homœopathic Association, 134 Pa. 558; McKelvey v. Jarvis, 87 Pa. 414), but pursuant to and in compliance with the existing contract.

The judgment is affirmed.