# National Deposit Bank of Philadelphia, Appellant, *v.* Mawson.

*Affidavit of defense—Practice, C. P.—Promissory notes—Payment—Payment on account—Application of payments.*

1. In an action on several promissory notes on some of which the defendant was an accommodation indorser and on the remainder the maker, if payment is relied on as a defense, the affidavit of defense must set forth all the circumstances of the alleged payments with certainty and particularity, and not generally or inferentially. The time, manner and exact amount of payments, the person to whom, by whom and to whose account the payments were made, and any other material facts must be clearly and specifically stated. In such a case to allege a payment "on account" is uncertain and indefinite as to time, amount and manner.

2. In an action upon several promissory notes which are not of equal security and mature at different times, the creditor has the right in the absence of any agreement or equity to the contrary to apportion

the payments made on account of the notes in his own interest and for his own protection.   An affidavit of defense in such a suit must therefore go further than to merely aver that payments were made on account of a certain group of notes.   It must aver with particularity all of the circumstances connected with each payment.

Argued Dec. 14, 1910.   Appeal, No. 235, Oct. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., March Term, 1910, No. 4,560, discharging rule for judgment for want of a sufficient affidavit of defense in case of National Deposit Bank of Philadelphia v. Lionel J. Mawson.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Assumpsit on promissory notes.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*John K. Loughlin* and *F. B. Bracken,* for appellant.— The averments of payment in the affidavit of defense are insufficient: People's State Bank v. Harper, 47 Pitts. Leg. Jr. 229.

Even if averments were properly set out, the right to an appropriation is not justifiable: Leas v. Hafer, 39 Pa. Superior Ct. 160; Foster v. McGraw, 64 Pa. 464; Creasy v. Reformed Church, 1 Pa. Superior Ct. 372; Souder v. Schechterly, 91 Pa. 83; Pardee v. Markle, 111 Pa. 548; Chestnut Street Trust & Saving Fund Co. v. Hart, 217 Pa. 506; Bell v. Clark, 38 Pa. Superior Ct. 365.

*Morton Z. Paul,* for appellee, cited: Holland v. Iron Works, 9 Pa. Superior Ct. 261; Arnold v. Stoner, 18 Pa. Superior Ct. 537; Kerr v. Culver, 209 Pa. 14.

OPINION BY ORLADY, J., March 3, 1911:
The plaintiff brought this action to recover a balance due on thirteen notes held by it (as a stockholder's agent

for purposes of liquidation), amounting in the aggregate to $3,009.75. On eight of these notes, the defendant was the accommodation indorser, and on the remaining five he was the maker, and one William L. Rodelheim was the payee and indorser.

The defense is summarized as follows: "The first eight notes sued for in the plaintiff's statement amount to $1182.63. Deponent is entitled to credits as specifically set forth and allowed in the plaintiff's statement, which amounts to $1731.28, which liquidated the eight notes aforesaid, amounting to $1182.63, and leaves a balance of $548.65 to be applied to any liability of the deponent to the Rodelheim notes which amount to $1825. The defendant avers that the said William L. Rodelheim has paid on account 75% of said notes or $1368.75 and that this deponent has paid on account thereof $548.65 which overpays the deponent's indebtedness to the plaintiff in the sum of $92.40 and defendant avers he will claim a certificate in his favor for this amount upon the trial of this cause."

The affidavit does not indicate the date when an alleged payment was made by either Rodelheim or the defendant, on account of the original claim or on the balance, nor the amount or number of such payments nor whether paid in cash or through business transactions, nor of any direction as to the application to be made of payments at the time they were made, or facts stated from which the legal application could be inferred.

It is not sufficient merely to aver that a payment has been made. The facts should be succinctly stated to enable the court to say whether they amounted in law to a payment in fact. To allege a payment "on account" is uncertain and indefinite as to time, amount and manner: Leas v. Hafer, 39 Pa. Superior Ct. 160.

The payment of seventy-five per cent "on account" by Rodelheim, and the payment by this defendant of $548.65 "on account" of the balance, without any understanding, or direction as to the debt to which the payments were to

be applied, would give the creditor the right to place the payment to his claim which was the least secure.

The total indebtedness of Rodelheim was over $12,000 and for aught that appears in the affidavit, it would have been proper for the bank to apply the whole of the Rodelheim payment to the notes on which this defendant was not liable. The receipts not being set out, there is nothing to indicate that this was not done, except the averment, "said payments being on account of his whole indebtedness, must apply to the five notes last mentioned." This is a conclusion of law that is not warranted by the facts. These notes were not of equal security and matured at different times, so that the creditor had the right to apportion the payments in its interest, and for its own protection: Chestnut Street Trust & Saving Fund Co. v. Hart, 217 Pa. 506; Creasy v. Reformed Church, 1 Pa. Superior Ct. 372; Bell v. Clark, 38 Pa. Superior Ct. 365.

When payment is relied on as a defense, all of the circumstances of the alleged payments must be set forth with certainty and particularity, and not generally or inferentially. The time, manner and exact amount of the payments, the person to whom, by whom and on whose account the payments were made, and any other material facts must be clearly and specifically stated, is the rule laid down in many decisions, both of the Supreme and this court.

The affidavit of defense was defective in the above particulars and the rule for judgment should have been made absolute.

The judgment is reversed, the record to be remitted with a procedendo.