# Hoover, Appellant, *v.* Summerville.

*Judgment — Opening judgment — Findings of fact — Trial by court without a jury.*

A judgment in favor of the defendant on an issue framed to determine the validity of a judgment, and tried by the court without a jury, will be affirmed where it appears that the trial judge found from sufficient and competent evidence that the judgment had been entered on a judgment note, which had been paid in full prior to the date of the entry of the judgment.

*Payments—Appropriation of payments—Judgment — Claim in pais.*

A judgment is a higher grade of security than a claim existing only in pais, and in the absence of any direction by the parties, payments will be applied to the latter rather than to the former, in accordance with the general rule that preference will be given to unsecured over secured claims.

Argued April 11, 1917. Appeal, No. 91, April T., 1917, by plaintiff, from judgment of C. P. Clarion Co., Dec. T., 1911, No. 27, for defendant, on case tried by the court without a jury in case of W. L. Hoover, Administrator of John Hoover, deceased, v. H. B. Summerville, Executor of J. H. Powers, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to open judgment.
CRISWELL, P. J., filed the following opinion:
Trial before the court without a jury as per submission dated December 21, 1914, and filed.

### FACTS.

1. The judgment in the above entitled case was entered by the prothonotary, September 7, 1911, upon a note containing the ordinary warrant of attorney authorizing a confession of judgment, bearing date November 3, or November 30, 1908, made and executed by J. H. Powers and payable to John Hoover, for the sum of $1,000, due twelve months after date with interest.

2. John Hoover died August 27, 1911, and thereafter letters of administration on his estate were issued to W. H. Hoover, who, upon suggestion, filed October 10, 1911, was substituted as plaintiff.

3. Since the entry of such judgment and after the application to open the same had been made, the defendant, J. H. Powers, died and letters testamentary on his

estate were issued to H. B. Summerville, now appearing as defendant.

4. From an exemplified copy of the same it appears that a judgment was also recovered in the Court of Common Pleas of Forest County, on February 3, 1903, by Hoover, against Powers, for the sum of $400 with interest from December 25, 1901, such judgment being entered by the prothonotary of such court upon a note containing a warrant of attorney authorizing the same. This judgment remains on the record unsatisfied.

5. No question is raised as to the due execution and delivery of the note upon which judgment herein was entered, the defendant admitting such execution and delivery but claiming that the note, prior to the time of the entry of judgment thereon, was paid in full, and the dates and amounts of the alleged payments are set forth in the petition to open the judgment. There is, however, a formal denial of such payments by the plaintiff in his answer, thus placing the burden of proofs as to the payments upon the defendant.

6. It appears, however, and is found, that Powers, prior to the maturity of the note in suit, and by check bearing date October 4, 1909, paid to Hoover $200, and by check bearing date October 20, 1909, drawn on the First National Bank of Rimersburg, Pa., a further sum of $100. He gave to Hoover a note dated October 22, 1909, for the sum of $600 due in three months, which was transferred to and discounted by the Gold Standard National Bank of Marienville, Pa., the proceeds thereof going to the credit of Hoover in the bank. This note with the discount thereon, after being in part renewed by another note, was subsequently paid by Powers, and under the circumstances is the equivalent of and in effect is a direct payment of the amount of the note by Powers to Hoover.

7. The petition to open the judgment avers a further cash payment of $100 to Hoover in 1909, the particular date thereof not being given.

8. On October 22, 1909, being two days after the date of check of October 20, 1909, for $100, Hoover deposited in the said Gold Standard National Bank a check for $100 drawn on Rimersburg and at the same time $100 in currency or bills.

9. There was offered and received in evidence a letter bearing date July 7, 1911, written by Hoover to Powers in which Hoover states that he owed a note for $225, which worried him, as prior to that time he had always had the money to pay, and asking Powers, if he was in shape to do so, to send him a check for what he thought a certain cash register was worth, which, it appears, Powers had gotten from him, adding that the amount would help him some.

### DISCUSSION.

The foregoing are substantially the facts disclosed at the trial regarded as material and from them it is to be determined whether or not the note in suit was paid prior to the date of the entry of judgment thereon. The parties to the note appear to have been friends and dealt with each other as such, and because of their decease and inability of their representatives to furnish testimony as to the details of the transactions between them the evidence offered, as is not infrequently the case under such circumstances, is unsatisfactory.

It appears to be a rule relating to the application of partial payments that the debtor may direct and control their application; in the absence of any such direction by the debtor, that the creditor may make their application, and that in the absence of any application thereof by either debtor or creditor, the law will make the application in accordance with the equities of the parties, generally making it to the first or older indebtedness, preferring however unsecured to secured claims. Chestnut St. Trust, Etc., Co. v. Hart, 217 Pa. 506; 30 Cyc. 1241; Hollister v. Davis, 54 Pa. 508; Richard's Est.,

[67 Pa. Superior Ct. 185 Pa. 155; Creasy v. E. Reformed Church, 1 Pa. Superior Ct. 372. But whether or not there was an appropriation of the payments by the parties or either of them is a question of fact to be determined from the evidence.

Since a judgment is a higher grade of security than a claim existing only in pais, in the absence of any direction by the parties, it would appear that where there are two claims, one belonging to each class, payments should be applied to the latter rather than to the former.

It is settled that in the absence of proof otherwise, a presumption arises from the giving of a check that it is intended to apply on or is given in payment of a pre-existing debt. The checks therefore given by Powers to Hoover, bearing date respectively October 4 and 20, 1909, are presumed to have been given in payment of or to apply on a debt due or owing by Powers to Hoover on those dates.

The note of October 22d for $600 is likewise, of course, presumed to have been given in payment of or to secure a debt of like amount due or owing by Powers to Hoover. Upon what account this note was given or how the indebtedness arose for which it was given does not definitely appear. The testimony of Mr. Keck is that Hoover said it was given in connection with a "deal" or "matter" between him and Powers, but this is so general that it discloses nothing and throws no light whatever upon the transaction. It was given however, shortly after the date of the two checks referred to and bears date the same day that one of such checks was deposited for collection. The deposit by Hoover of the check on October 22, 1909, for $100, drawn on Rimersburg, furnishes a basis for an inference that the check so deposited was that given to him by Powers bearing date October 20, 1909, but, standing alone, it is no proper basis for an inference that the $100 in currency and bills then deposited, came from Powers.

In this connection and as bearing upon the fact to be

determined the letter of July 7, 1911, is regarded as significant. If Powers on that date was indebted to Hoover in the sum of $1,400 and interest, being the amount of the Forest County judgment and the note in the suit, it is hardly conceivable that he would be asking for payment for a cash register and complaining about being worried over a note for $225 which he had not the money to pay, without making a demand or request for the payment of the larger amounts due him upon obligations given to him by the defendant some years before and then long past due. This fact taken in connection with the other facts noted, including the fact that there is no evidence of any demand having been made by Hoover in his lifetime for the payment of either the judgment or note in suit leads convincingly to the further conclusion of facts, viz:

10. The note in suit was paid as alleged by the defendant prior to the date of the entry of judgment thereon.

In reaching this conclusion note is taken of the rule that stale claims against decedents' estates should always be scrutinized with care, and that in some cases, after a lapse of less than twenty years, slight circumstances tending to show probable payment will warrant an inference of payment: Hughes v. Hughes, 54 Pa. 240; Woodward v. Carson, 208 Pa. 144.

### LEGAL CONCLUSIONS.

The facts found and above noted legally warrant the inference and conclusion that the note in suit was paid prior to the date of the entry of judgment thereon.

Judgment should be entered in favor of the defendant and against the plaintiff and it is so ordered subject to exception as provided by law.

And now, March 18, 1915, it is ordered that the foregoing findings and conclusions be filed and that the prothonotary forthwith give notice thereof to the parties

or their attorneys, and that if no exceptions thereto be filed in the prothonotary's office within thirty days after service of such notice that judgment be entered thereon in favor of the defendant and against the plaintiff for costs.

*Error assigned* was the judgment of the court.

*H. M. Rimer,* with him *F. J. Maffett,* for appellant.

*Don. C. Corbett,* with him *A. A. Geary, W. W. Hindman* and *H. E. Rugh,* for appellee.

PER CURIAM, July 13, 1917:

A petition was presented to the court below to open a judgment for the reason that the debt represented by the note had been paid in full before the judgment was entered of record. After the taking of depositions, it was agreed to by counsel for the respective parties, that a trial by jury should be dispensed with and the decision of the case should be submitted to Judge CRISWELL, presiding judge of the 28th Judicial District, specially presiding. After full hearing the court found as a fact, that the note in suit was paid as alleged by the defendant prior to the date of the entry of judgment thereon, and it was ordered that judgment should be entered in favor of the defendant and against the plaintiff.

After a careful examination of the record as presented, we concur in the conclusions of fact and law as found by the trial judge in the decree entered, for the reasons stated in the opinion he filed.

The judgment is affirmed.