Nevin, Appellant, v. Caldwell et ux.

Argued April 27, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Robert E. Anderson,* for appellant.

*Glenn C. Jones,* and with him *W. A. Griffith,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1933:

This is an appeal from an order opening a judgment and allowing a married woman to put in a defense.

William P. Caldwell and Elda T. Caldwell, his wife, were originally indebted to the Elizabeth State Bank, in the sum of $2,525, and to J. Z. Hayden, in the sum of $621.64, which was reduced to $460. This indebtedness was evidenced by two judgments, entered of record, which were assigned for value to James M. Nevin, the appellant. The wife did not testify on her own behalf, nor was any evidence offered attacking the validity of these obligations. On October 4, 1929, an additional loan was made by Nevin, as trustee, in the sum of $1,000, which was evidenced by a judgment note signed by Caldwell and his wife. On January 10, 1930, an additional sum of $500 was advanced to the Caldwells. These obligations were all consolidated in one note on January 10, 1930, in the sum of $4,706, and entered of record. A short time thereafter, Nevin loaned Caldwell an additional $350, and each signed a note which was also entered of record. In order to sell Caldwell's interest in his father's farm, on which these judgments were liens, the appellees were required to have them satisfied, or obtain a release of the liens. In accordance with an agreement entered into, Caldwell paid $2,700 on account of his indebtedness, and the appellant thereupon satisfied the two judgments on March 13, 1930, and accepted a new judgment note for $2,523, signed by Caldwell and his wife. This note was entered, and is now sought to be opened.

The learned court below held that "the wife was merely an accommodation maker for her husband" on all but the two original judgments which were assigned to Nevin, and that she "would be entitled to have the payment of twenty-seven hundred dollars applied to the extinguishment of that portion of the debt for which she was presumably liable on two grounds; first, in consideration of the conveyance by her of her dower interest in the property sold, and second, on the principle that the partial payment should be applied to

the first or oldest indebtedness." With this conclusion we cannot agree.

The joining of the wife in a deed, whereby her husband's interest in land was conveyed, of itself, does not affect the rights of the appellant in this appeal.

The real question is: Was the creditor, without any direction from, or agreement with, the debtor, permitted to apply the payment he received to the individual indebtedness of the husband, or was he required to apply it to the joint indebtedness of the husband and wife? The uniting of the indebtedness of the husband and wife and the husband's individual indebtedness in one judgment note, signed by both parties, did not relieve the wife under any legal rule or equitable principle of her original obligations. Her indebtedness continued to exist. When the creditor received a payment from the husband without any directions as to application, he could appropriate it to such indebtedness as he saw fit: Montgomery's Est., 259 Pa. 412, 103 A. 223. It has long been recognized in this state that "in the absence of an application or appropriation by the parties, the law will appropriate the payment to the claim which is the least secured": Creasy v. The Emanuel Reformed Church et al., 1 Pa. Superior Ct. 372, 377. In Chestnut Street Trust & Saving Fund Co. v. Hart, 217 Pa. 506, 510, 66 A. 870, the Supreme Court, in discussing the doctrine of the right of a creditor to appropriate proceeds to the debtor's obligations, said: "When Singerley assigned to them the balance of his interest in the securities, he gave no direction as to the appropriation of their proceeds. He might have done so, and his direction that they should be appropriated to any particular indebtedness could not have been disregarded. When he failed to direct an appropriation to any particular item or items of indebtedness, his creditor, through its assignees, had the right to apply

the proceeds to any claim against him, and upon their failure to do so, the law would make the application in their interest." The appellant and the court below relied upon Hoover v. Summerville, 67 Pa. Superior Ct. 544, which holds that, in the absence of any direction to apply a payment of money, unsecured are preferred to secured claims. The application of the payment to the unsecured, or to the least secured judgments, is what the appellant, in effect, did, and he was entirely justified in so doing. The defense offered was insufficient.

The order of the court below making absolute the rule to open the judgment is reversed, and the rule is now discharged at the costs of appellee.