ALICE MULLIN and THOMAS MULLIN, her husband, *vs.* FERDINAND BLUMENTHAL and JULIAN ULMAN, trading as F. BLUMENTHAL & COMPANY.

*Pleading—Demurrer—Duplicity.*

1. Where a plaintiff bases his claim on the ground that he has been unjustly deprived of the use of his dwelling house by the negligent conduct of defendant, and details in the several counts the facts or circumstances entering into and constituting that injury, it is sufficient in law. It is a principle of pleading that the union of several facts constituting together but one cause of action is not duplicity.

2. Mere diversity of facts set up in a count will not render it double, when all the facts taken together tend to the statement of one point or ground of recovery.

3. Case regularly plead to issue, placed upon the trial list, and continued at the first term with general leave to amend, under which leave to amend the pleadings went on to the eve of the next term, and when the case was published upon the trial list for the next term it was not at issue on the amended pleadings. Motion by defendant's counsel that the case be stricken from the trial list as improperly placed thereon, there being no joinder at the time of publication of said list, refused: *Held* that it never having been off the list, but merely in process of amendment, it was properly on the list, and that a case when put upon the list rightfully remains there until it is stricken off by the order of the court.

(*January 7, 1899.*)

Lore, C. J., and Spruance and Grubb, J. J., sitting.

*John Biggs* and *Arthur W. Spruance* for plaintiffs.

*Willard Saulsbury* for defendants.

Superior Court, New Castle County, November Term, 1898.

Demurrer. Action on the case (No. 108, November Term, 1897). See facts in opinion of court.

Lore, C. J :—The demurrers of the defendants go to all of the six counts of the declaration of the plaintiffs on the ground of duplicity. In the first count of the declaration the plaintiff avers that on the first day of March, 1897, she owned and resided in the dwelling house in the City of Wilmington, known as number 819 Chestnut street, and that the defendants were possessed of the adjoining messuage or dwelling house separated and divided from the house of said Alice Mullin by a partition or party wall ; and then avers as follows, to wit : " The said defendants, well knowing the premises, but contriving and wrongfully and unjustly intending to injure her the said Alice Mullin, and to deprive her of the use of her said messuage or dwelling house, on or about the seventh day of April, A. D., 1897, to wit, at the city and county aforesaid, so carelessly and negligently pulled down their said dwelling house adjoining the said dwelling house of the said Alice Mullin that they impaired and weakened the said party wall, then and there and thereby causing the same to lean over and away from the said dwelling house of the said

Alice Mullin, causing great cracks to open in the said dwelling house of the said Alice Mullin ; and the said defendants then and there so carelessly and negligently dug near to the foundation of the said dwelling house of the said Alice Mullin that they caused the same to settle and crack and the plastering to crack and become loose ; and so carelessly and negligently removed the joists from the said party wall that they left holes in the same through which the rain beat in and injured the clothing of the said Alice Mullin ; and carelessly and negligently caused great quantities of lime, dust and dirt to fly and come in the said dwelling house of the said Alice Mullin to the great damage and annoyance of her the said Alice Mullin and others with her in the said dwelling house ; and so carelessly and negligently piled great quantities of bricks and building material in front of the said dwelling house of the said Alice Mullin that they prevented her and others residing with her in the said dwelling house from having free and unobstructed egress and ingress to her said dwelling house, by means of which premises the said messuage or dwelling house of the said Alice Mullin continued and still remains weak and dangerous, untenantable and not fit for habitation, and the said plaintiffs after having lived in the said dwelling house for many years were obliged to remove from the same with their family and at great expense to rent another house in which to live, and by means of the several premises aforesaid the said plaintiffs were and are otherwise greatly injured and damnified in the estate of her the said Alice Mullin and in her said messuage or dwelling house, to wit, at New Castle County aforesaid, to the damage of the said plaintiffs of the sum of Two Thousand Dollars and therefore they bring their suit.''

The second, third and fourth counts are substantially the same, alleging, however, as an additional fact, that '' The defendants carelessly and negligently dug down beside the yard of the said Alice Mullin causing the same to cave and fall in.''

The special demurrers to these four counts rest upon the facts, as they allege, that the plaintiffs have joined several separate and distinct causes of action in each count as follows :

(1)   That the defendants negligently and carelessly pulled down their dwelling house adjoining the dwelling house of Alice Mullin and thereby weakened the party wall between them.

(2)   That they dug down near the foundation near the said dwelling house of the said Alice Mullin, causing it to settle and crack.

(3)   That they removed the joists from the party wall between the house of the said Alice Mullin and the said defendants, leaving holes in the same through which the rain beat in.

(4)   That they caused great quantities of lime, dust and dirt to fall into the dwelling house of the said Alice Mullin.

(5)   That they interferred with the ingress and egress to and from the dwelling house of the said Alice Mullin by placing obstructions in front of it.

(6)   That they dug down outside of the yard of the said Alice Mullin, thereby causing the same to cave and fall in.

The defendants claim that each one of these six facts constitutes a separate and distinct cause of action and may not properly be joined in one count.

The fifth count sets forth the plaintiffs' grievance as follows :

" Nevertheless the said defendants contriving and intending to injure, prejudice and aggrieve the said Alice Mullin and to incommode and annoy her and her family in the possession, occupation and enjoyment of her said messuage or dwelling house and premises, heretofore, to wit, on or about the seventh day of April A. D. 1897, and on divers other days and times between that day and the day of commencement of this suit, wrongfully and injuriously erected and built a certain building and erection on the said piece or parcel of ground of the said defendants, so being contiguous and near to the said messuage or dwelling house and premises of the said Alice Mullin, as aforesaid, and placed certain machinery, to wit, a steam engine, boiler, beaming-machines and other heavy machinery in the building or erection as aforesaid, and wrongfully and injuriously kept and

continued and caused to be kept and continued the said building and erection, so erected and made, and the said machinery therein, for a long space of time, to wit, hitherto ; and on the several days and times aforesaid, to wit, at the city and county aforesaid, wrongfully and injuriously operated said machinery and exercised and carried on in the said house or building, the trade or business of morocco manufacturers, and caused and procured to be made and manufactured divers large quantities of morocco therein.

"By means of which several premises, on the days and times aforesaid, divers noxious, offensive and unwholesome vapors, fumes, smokes, smells and stenches arose and ascended near to, in and about the said messuage or dwelling house and premises of the said Alice Mullin, and divers great noises, jars and vibrations were heard and felt in the same ; and drops of water from the condensation of escaping steam fell like rain over and upon the same, by means of which premises the said messuage or dwelling house of the said Alice Mullin continued and still remains weak and dangerous, untenantable and not fit for habitation, and the said plaintiffs, after having lived in the said dwelling house for many years, were, because of the premises, obliged to remove from the same with their family, and, at great expense, were obliged to rent another house in which to live."

The sixth count is substantially the same as the fifth.

The special demurrer to these counts is based upon the allegation that the plaintiff has joined in each of said counts several distinct and separate causes of action :

(1) By causing divers noxious, offensive and unwholesome vapors, fumes, smokes, smells and stenches to rise and ascend near to and in and about the dwelling house of the said Alice Mullin.

(2) By causing divers great noises, to be heard in the dwelling house of the said Alice Mullin.

(3) By causing various jars and vibrations to be felt in the dwelling house of the said Alice Mullin.

(4) By causing drops of water from the condensation of steam to fall like rain over and upon the dwelling house of the said Alice Mullin.

The single ground of objection being duplicity, the question is whether these several statements made in the respective counts may be properly joined together.

It will be noted that the plaintiff Alice Mullin bases her claim on the ground that she has been unjustly deprived of the use of her messuage or dwelling house by the negligent conduct of the defendants, and details in the several counts the facts or circumstances entering into and constituting that injury. It is a principle of pleading that the union of several facts constituting together but one cause of action is not duplicity. *77 Md., 121; 1 W. & N., 381.*

Even in an indictment the joinder of two or more distinct offences in one count where the acts imputed are component parts of the same offence, is not duplicity. *54 N. J. Law, 416.*

Mere diversity of facts set up in a count will not render it double when all the facts taken together tend to the statement of one point or ground of recovery. *7 Ency. Pleading and Practice, 238* (and cases cited).

The several facts grouped together in each count of the plaintiffs' declaration would seem to come within these principles of pleading, as, taken all together, they tend to the explanation and specification of the charge of disturbance in the use and enjoyment of the messuage or dwelling house of the plaintiffs. To hold that each of these several facts must be declared upon in a separate count when they all lead up to, and are embraced in the injury alleged, would tend to prolixity in pleading—one of the very evils that the rule against duplicity was designed to remedy.

These counts seem to have been modeled upon the count for keeping a slaughter-house, *2 Chitty's Pleading, 776,* cited by the counsel for the plaintiffs.

No authorities were cited in favor of the defendants' contention, and we have therefore nothing in their behalf, but the bare contention.

After such examination as we have been able to make, for the reasons above stated, and for other reasons that it is unnecessary to set out, we do not think the special demurrers ought to be sustained. They are therefore overruled, and it is ordered that judgment *respondeat ouster* be entered.

NOTE: This case was regularly plead to issue and placed upon the trial list and continued at the first term with general leave to amend. Under this leave to amend the pleadings went on to the eve, of the next term, and when the case was published upon the trial list for the next term it was not at issue on the amended pleadings.

Mr. Saulsbury came into court on February 6th, 1899, after the above case had been placed upon the trial calendar and asked that the case be either continued or stricken from the trial list as it was not properly placed upon the same, there being no joinder at the time of the publication of said list.

LORE, C. J :—This case never having been off the list, but being merely in process of amendment, it is properly on the list, and being now at issue it is ready for trial, unless it be continued upon some regular grounds.

It is not the case of putting a cause on the trial list after the first term within a certain number of days before the commencement of the term ; it is a case where it was at issue and regularly put on the trial list. It has never been stricken off the trial list, but has continued on the same all the time and is now at issue. It ought to be subject to trial.

*Mr. Saulsbury:*—The case was continued to the next term by the order overruling the demurrer. That is the entry on the docket.

LORE, C. J :—That may be, but nobody asked to have it stricken off the trial list. If a case is put upon the list rightfully it remains there until it is stricken off by the order of this court.

By agreement, the case was then ordered to be placed at the foot of the list and Mr. Saulsbury reserved the right to ask for a special jury.