OCCIDENTAL CONSOL. MIN. CO. v. COMSTOCK TUNNEL CO.

(Circuit Court, D. Nevada. September 2, 1901.)

No. 708.

PLEADING—COMPLAINT—DUPLICITY.

    A complaint in an action to recover damages, based upon an alleged wrongful act of defendant, states but a single cause of action, although plaintiff's right to the damages claimed rests upon three separate contracts, of each of which such act is alleged to have been a breach.

At Law. On motion and demurrer to complaint.

W. E. F. Deal, for plaintiff.

Alfred Chartz and F. M. Huffaker, for defendant.

HAWLEY, District Judge (orally). This is an action to recover damages in the sum of $127,292.25. Plaintiff's right of recovery is alleged to be supported by three different contracts: (1) A contract between plaintiff and defendant; (2) a contract between the Chollar Mining Company and the defendant; and (3) a contract between the plaintiff, the Potosi Mining Company, and the Chollar Mining Company. These contracts are of different dates, between different parties, and upon their face might, at first blush, seem to be on different subjects. The defendant moved the court to have the allegations of the complaint made definite and certain by separately and distinctly stating the several causes of action therein set forth and alleged, and has also filed a demurrer to the bill of complaint. The motion is made and the demurrer interposed upon the theory that there are three different causes of action which are not separately stated. The subject-matter of the suit relates to the construction of a tunnel connecting plaintiff's mines with the Sutro tunnel for the sole purpose, object, and intent of working, developing, and draining the mining claims owned by plaintiff on the Brunswick lode by means of the Sutro tunnel and Zadig drift. There is really but one cause of action arising out of this subject-matter. The debatable question involved is whether the averments in the complaint are so connected as to show such a mutuality of contract between the plaintiff and the defendant as to warrant them to be blended in one cause of action. I am of opinion that the cause of action alleged in the complaint could have been stated in clearer terms by appropriate averments without annexing as exhibits the several contracts in full. A clear and concise statement of the facts would have shown beyond controversy that the plaintiff's primary right to recover is upon one cause of action alone, to wit, the failure of defendant to comply with its contract and construct the tunnel and drift so as to connect the Sutro tunnel with the mining claims owned by plaintiff. The complaint alleges "that said Chollar Mining Company, with the full knowledge and consent of the said defendant, and as the agent of said plaintiff, as well as for itself and said Potosi Mining Company, made and entered into said contract marked 'Exhibit B.'" The several contracts all relate to the construction of the drift and tunnel, and as to how and by whom the work shall be done. It is alleged in the complaint that by the terms and conditions of these contracts the plaintiff has the right to work, mine, and prospect its claims on the Brunswick lode through said tunnel; that defendant in November, 1900, wrongfully and unlawfully prevented and stopped any and all work in said Sutro tunnel and in said Zadig drift, and by said means prevented plaintiff and its agent, the Chollar Mining Company, from doing any work in said Sutro tunnel or in said Zadig drift, and thereby destroyed the consideration upon and for which said contracts were made, and certain moneys paid by plaintiff to defendant, and prevented plaintiff from deriving any benefit from said contracts and from the payments of said sums of money, and plaintiff has thereby been damaged in the sum of $27,292.25. It is further alleged in the complaint that, by reason of the wrongful and unlawful acts of the defendant

stated therein, the plaintiff has been and is damaged, in addition to the sums of money paid to defendant, in the further sum of $100,000, "in that by the said wrongful acts of said defendant, and by the violation by it of said contracts, said plaintiff has been deprived of the right to drain, mine, and work its claim on said Brunswick lode by means of said Sutro tunnel and said' Zadig drift." The cause of action is the act or delict on the part of the defendant which gives the plaintiff its cause of complaint. In order to found a right of action, there must be a wrongful act done, and a loss resulting from the wrongful act. It does not appear from the averments of the complaint that more than one cause of action has arisen out of the covenants embodied in the several contracts, so far as the rights of plaintiff are concerned. In the construction of a pleading for the purpose of determining its effect, its allegations should be liberally construed. Every action is brought to obtain some particular result. This result is the object of the action. In Pom. Code Pl. (3d Ed.) § 453, the principles which apply to a case of this character are stated as follows:

"Every judicial action must therefore involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the defendant; a delict or wrong done by the defendant, which consisted in a breach of such primary right and duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant, springing from this delict; and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of these elements the primary right and duty and the delict or wrong combined constitute the cause of action, in the legal sense of the term. * * * They are the legal cause or foundation whence the right of action springs, this right of action being identical with the 'remedial right.' * * , * The cause of action, as it appears in the complaint when properly pleaded, will therefore always be the facts from which the plaintiff's primary right and the defendant's corresponding primary duty have arisen, together with the facts which constitute the defendant's delict or act of wrong."

Several illustrations of this general principle are given in section 454, and in section 455 the author says:

"The result of this analysis of the necessary elements which enter into every action is simple, easily to be understood, and yet exceedingly important; and the principle I have thus deduced will serve as an unerring test in determining whether different causes of action have been joined in a pleading, or whether one alone has been stated. If the facts alleged show one primary right of the plaintiff, and one wrong done by the defendant which involves that right, the plaintiff has stated but a single cause of action, no matter how many forms and kinds of relief he may claim that he is entitled to, and may ask to recover. The relief is no part of the cause of action. * * * These suggestions are necessary to guard against the mistake of supposing that a distinct cause of action will arise from each special subordinate right included in the general primary right held by the plaintiff, or from each particular act of wrong which, in connection with others, may make up the composite but single delict complained of."

See, also, Mullin v. Blumenthal (Del. Super.) 42 Atl. 175, and authorities there cited.

This action is purely legal. There are no averments of an equitable nature contained in the complaint, and the objections urged upon this ground are not well taken. The complaint in its entirety states a cause of action. Motion denied and demurrer overruled.