# FLYNN *v.* STAPLES.

PLEADING; DUPLICITY; TRIAL.

1. Objections to pleadings on the ground of duplicity, going as they do to the form, and not to the substance, are not to be encouraged.

2. A declaration in a personal injury case is not bad for duplicity although it alleges two acts of negligence on the part of the defendant, where the two acts, as charged, contributed or were capable of contributing to produce the injury, and were cumulative, each tending to support the other.   On such a declaration, it is proper to submit the case to the jury on special issues framed for the purpose of ascertaining upon what act or acts of negligence the jury bases its finding.

No. 2003.   Submitted October 22, 1909.   Decided November 30, 1909.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, sustaining a motion to strike out an amended declaration, the plaintiff electing to stand on her amended declaration.        *Reversed.*

The Court in the opinion stated the facts as follows:

This case comes here on appeal from a judgment in favor of appellee, Orrin G. Staples, in the supreme court of the District, on a motion to strike out appellant's amended declaration.

From appellant's declaration as originally filed on December 31st, 1906, it appeared that on January 10th, 1906, appellee was the proprietor of a hotel in this city, known as the Riggs House; that on and for some time prior to that date appellant's intestate, one Albert Flynn, who was appellant's husband, was employed in and about the hotel as coffee-man and carving-man; that on that date the said Flynn was so injured by the explosion of a boiler or urn on the premises that he died two days later. Due care on the part of Flynn at the time of the explosion, and negligence on the part of appellee in respect to appellee's duty to furnish a safe place to work and to install reasonably safe and proper machinery thereon, were also alleged.

On this declaration the parties went to trial, but, a juror having been withdrawn with leave to amend, no result was had.

In 1908 appellant successively filed three amended declarations, all substantially similar, which, in addition to the facts contained in the original declaration, set forth the following:

"Yet the defendant, in disregard and in violation of this duty imposed upon him, on the day and year aforesaid, negligently permitted to remain upon the premises, and in the kitchen of said hotel, a certain boiler, to which was attached two coffee urns, one on either side of said boiler, constituting a battery, and which said boiler and urns were connected with the main boiler in said building by a steam supply pipe, and which said boiler and urns, and steam supply pipe, as the result of the negligence of the defendant, in failing to keep the same in a proper state of repair, had become so clogged and rusted and worn in their valves and pipes as to prevent the proper passage of steam and water into and through the same, and, on account of which, became and were in a dangerous and unsafe condition for use; and further, as the result of the negligence of the de-

fendant, there was wanting a steam guage on and in connection with the said steam supply pipe leading from the main boiler in the basement of the kitchen as aforesaid, to indicate the quantity of steam passing through said pipe, the absence of which, in connection with the defective condition of valves and pipes as aforesaid, also rendered the machinery and appliances aforesaid dangerous and unfit for use; that on the day and year aforesaid, and while the plaintiff's intestate was in the performance of his duties upon said premises in the kitchen of said hotel, and without any negligence, or want of care on his part, the said boiler, forming a part of the battery aforesaid, by reason of its defective condition and the defective condition of the pipes forming a part of the same and connected therewith as aforesaid, including the absence of the steam gauge as aforesaid, exploded, and in so doing injured the plaintiff's intestate to such an extent that thereafter, on the 12th day of January, 1906, he died from said injuries."

To each of said amended declarations appellee filed a motion to strike out on the ground of duplicity, since, as he contended, appellant was attempting to set out two separate and distinct causes of action in a single count. Appellee's motion being granted in each instance and, appellant electing to stand on her third or final amended declaration, judgment was entered for appellee, from which judgment this appeal was taken.

*Mr. E. Hilton Jackson, Mr. Hayden Johnson,* and *Mr. Aylett B. Nicol* for the appellant.

*Mr. Henry F. Woodard* and *Mr. Conrad H. Syme* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

From the foregoing statement it is evident that the sole question presented to this court relates to the sufficiency in law of the third amended declaration.

The plea of duplicity, since it went merely to the form, and

not to the substance, of the former pleading, was not encouraged, even under the harsh rules of the common law, a special demurrer being necessary for its introduction; and under modern practice it has met with even less favor for obvious reasons. To extend its scope would be a step backward toward some of the absurdities of the early common law.

Sight must not be lost of the fact that the general rules adopted to prevent duplicity in declarations have been aimed at those instances where attempt was made to join in a single count causes of action that had no logical connection; that is, causes that were distinct and separate, and which required separate answers. These rules were intended to compel the plaintiff, when he had two or more disconnected and distinct causes of action, to elect one on which to base his claim. In other words, the application of these rules presupposes the existence of more than one possible cause of action.

In this case appellant charged two conjunctive acts of negligence on the part of appellee. The first related to the alleged defective condition of the steam supply pipe by reason of its being so clogged, rusted, and worn as to impede the proper passage of steam and water; the second avers that there was no steam guage on said supply pipe, which, it is stated, made it impossible to determine the amount of steam passing through said pipe and "the absence of which, *in connection with* the defective condition of valves and pipes as aforesaid, also rendered the machinery and appliances aforesaid dangerous and unfit for use." It is further averred in said count that said boiler, "by reason of its defective condition *and* the defective condition of the pipes forming a part of the same and connected therewith as aforesaid, exploded" and resulted in the injury complained of in said count. On neither act of negligence, standing alone, does appellant base her right to recover, or does she contend that either act, of itself, amounts to a cause of action. Her contention is that the two acts of negligence, however, conjunctively constitute a cause of action, and that the two acts are so closely connected and involved that they cannot be considered separately.

A review of the authorities establishes appellant's contention as sound. The two acts of negligence contributed, or were capable of contributing, to produce the explosion. Each charge of negligence tended to support the other, and their effect was cumulative. To compel appellant to stand on either act alone might deny to her the right of recovery for two negligent acts on the part of appellee, which together produced the injury, on the sole ground that they must be treated separately. To hold that any rule of pleading contemplated such a result would do injustice to its framers. It is well settled that if the facts alleged, although multifarious, all go to make up one complete result and require but one answer, there is no duplicity.

In *Raymond* v. *Sturges,* 23 Conn. 134, it appeared that plaintiff had given a mortgage to defendant, and that the latter had commenced foreclosure proceedings thereon; that, pending a decree, an agreement was reached between the parties, whereby the time for redemption was limited to the 1st Monday in January, 1851; that thereafter defendant, contrary to the terms of said agreement, obtained a decree which limited the period for redemption to the 1st day of January, 1851; that defendant induced plaintiff to believe that he had until the 1st Monday in January in which to redeem, and that in consequence plaintiff did not attempt to redeem until then. The declaration charged defendant with enforcing execution of the decree, with selling plaintiff's property, with violating his promises to plaintiff, and with fraud. In deciding that this did not constitute duplicity the court said: "Nor is the introduction of facts in a count which would constitute a distinct cause of action considered as duplicity, where such facts are stated, not as a ground of recovery upon them, taken by themselves, but only as constituting part of the entire facts, or cause of action, on which the plaintiff relies for a recovery. * * * The defendant cannot distort or vary the claim, which the plaintiff has chosen to make, whatever it is, in order to raise an objection to it."

*Platt* v. *Jones,* 59 Me. 232–242, was a case where defendant was sued in an action on the case for knowingly aiding plaintiff's debtor to make fraudulent transfers of property. Defend-

ant pleaded duplicity on the ground that the declaration contained in one count four separate, independent sales, transfers or conveyances. In dismissing the plea the court remarked: "It is not quite accurate to say that two causes of action in one count render it double. Several items of account may be very properly embraced in one count, and yet each one of those items might be a good cause of action. So in the case of several trespasses upon the same lot of land. There can be but one demand to each cause of action, but as many matters or facts as are necessary to support that demand, not only may, but must, be set out in one count."

The following statement appears in the opinion in *Highland Ave. & Belt R. Co.* v. *Sampson,* 112 Ala. 425, 20 So. 566: "If the sixth count is to be construed as charging plaintiff's injury to the negligence of the engineer in the rate and manner of running the train on which the plaintiff was at the time, or to the negligence of defendant's firemen as to the position of the car, it is bad. * * * But we do not so construe it, because in this particular averment of negligence the charge is conjunctively made against the firemen *and* engineer."

Chitty says (1 Chitty, Pl. 226): "And it is important to remember that several distinct facts or allegations, however numerous, may be comprised in the same plea, or other pleading, without amounting to the fault of duplicity, if one fact, or some of the facts, be but dependent upon, or be mere inducement or introduction to the others, or if the different facts form together but one connected proposition, or entire matter or point."

In the same connection Gould states (Gould's Pl. Duplicity, 394): "The 'single point' to which each plea, replication, etc., is required to be confined, need not as of course consist of a single fact. For several connected facts may be, and frequently are, necessary to constitute a single complete ground of demand or defense."

Justice Park in *Rowles* v. *Lusty,* 4 Bing. 428–430, laid down the following: "First of all, no matter will operate to make a pleading double that is only required as a necessary induce-

ment to another allegation. * * * But no matters, however multifarious, will operate to make a pleading double, provided that all taken together constitute but one connected proposition or entire point." Lord Mansfield, in the same case, added: " 'As to the present case, it is true you must take issue upon a single point, but it is not necessary that this single point should consist of a single fact.' "

In *Mullin* v. *Blumenthal,* 1 Penn. (Del.) 476, 42 Atl. 175–177, it was said: "It will be noted that the plaintiff, Alice Mullin, bases her claim on the ground that she has been unjustly deprived of the use of her messuage or dwelling house by the negligent conduct of the defendants, and details in the several counts the facts or circumstances entering into and constituting that injury. It is a principal of pleading that the union of several facts constituting together but one cause of action is not duplicity. * * * Even in an indictment the joinder of two or more distinct offenses in one count, where the acts imputed are component parts of the same offense, is not duplicity. * * * Mere diversity of facts set up in a count will not render it double when all the facts taken together tend to the statement of one point or ground of recovery."

In this case either both or neither of the alleged acts of negligence may have produced the injury complained of. It is clear that their joint consideration is indispensable to a determination of appellant's rights. To compel a separation of them would impose an unreasonable restriction upon her, and violate the spirit of all rules of pleading. Both alleged acts of negligence related to substantially the same thing. They are so closely connected in the pleading that the taking away of one must inevitably result in the impairment of the other. In other words, it is impossible to say, without consideration of all the facts, that they did not unitedly produce a common result, and a jury might so find. There was but one result, no matter what produced it; and these acts must be considered not as separate grievances, but as related acts, whose united or cumulative effect may have produced that result; that is, as two different acts, not as two different counts.

It is contended by appellee that if this case is given to a jury on the declaration as amended, and a verdict rendered for appellant, it will be impossible to determine on which act of negligence the jury based its finding. This contention is without force. If, after the introduction of evidence, it became necessary so to do, the trial court could allow the case to go to the jury on special issues framed for that purpose, a by-no-means unusual proceeding.

In accordance with the foregoing the judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion. *Reversed.*